Rufpix, C. J.
 

 The consideration of this Court is confined to the question of power in the Superior Court; for, if it exist, its exercise is within the discretion of the judge, which this Court cannot control. Perhaps it maybe found mischievous, if the judge should lend too ready an ear to such applications, on account of the tendency it might have to encourage inattention, on the part of the counsel and attornies, to settling the proper judgments, according to the right of their claims and to the due entry of them by the clerk, for, as that officer is now chosen, the parties, counsel and the Court, are t'o expect but little assistance from him in the orderly conducting of the business. But those are points for the judges on the circuits exclusively ; for it is impossible, that the proper grounds of decision can be laid before a Court of error, to enable it to revise
 
 *427
 
 amendments or other discretionary orders. As to the question of power, there cannot be a doubt. It is but supplying the default of the clerk in not entering the judgment, as it was rendered by the Court; and without such a power, the Court and suitors would be at the mercy of that officer. It was said at the bar, that what was done was a reversal of the judgment of the preceding term. But it is quite the contrary, as the facts are represented in the case sent here, which of course is to be deemed entirely correct. It is not a reversal of the judgment, but an alteration in the original entry of it, conformably to the truth, and so as to make the record shew the judgment,-as in fact the Court gave it. Even if the judgment against the sureties for the debt had been omitted, that is, by the Court, it might, afterwards, have been given and entered
 
 nunc pro
 
 tunc, since no third person can be injured. It is manifestly just between the parties.
 
 Gregory
 
 v.
 
 Haughton,
 
 4 Dev. 442. But here the Court was not supplying its own omission, but barely protecting itself and the suitor, from the wilful or negligent, and in either case, culpable misprision of the clerk, which is every day’s practice. Instead of being a reversal by one Judge of the judgment of his predecessor, it was doing what was absolutely necessary, to prevent the clerk, a .mere ministerial officer, from virtually reversing the judgment from the manner of entering it. Such acts or omissions of the clerk must of necessity be under the control of the Court.
 

 Per Curiam. Judgment affirmed.