Nash, J.
 

 The prisoner is indicted for receiving
 
 from
 
 one Dean, a negro man slave, named Lewis,- the property of one Smith, knowing .that Dean had stolen him. Upon the trial of the case, the prosecuting officer introduced.ev-dence to prove the defendant’s guilt and closed his case.' Whereupon it was stated by the Court, that under the evidence in the case, the prisoner could not be convicted, as it appeared that Dean, the man who it was alleged, had committed the felony, was then in confinement in the jail of Guilford county, and had not been tried. Whereupon the Court, without the consent of the prisoner, but in opposition to his wishes, ordered a juror to be withdrawn. The defendant has brought his case before this Court, upon a motion for a writ of
 
 certiorari.
 

 His Honor below is sustained in the course he pursued by the case,
 
 State
 
 v
 
 Morrison,
 
 3 Dev. and Bat. 115. The Court there decide; that “ it must, from the reason and necessity of the thing, belong to the Court on trials for misdemeanors, to discharge the jury, whenever the circumstances of the case render such interference
 
 essential
 
 to the furtherance of justice. Every question of this kind must rest with the Court, under all the peculiar circumstances of the case.” To this doctrine we now fully assent. The case before us is that of. a misdemeanor, and it was within the power of the presiding J udge, if he thought it essential to the furtherance of justice, to withdraw a juror. In the case of
 
 People
 
 v
 
 Olcott,
 
 2 Johnson’s cases, 301, Judge Kent, in delivering the opinion of the Court, says, there is no.alternative; either the
 
 Court must
 
 determine where it is requisite to discharge the jury, or adopt the rule as laid down by Lork Coke in cases of felony, (1 Ins. 327, 3 Ins.
 
 *205
 
 110.) that, after a jury is once sworn and charged; no oihér jury can,, in any event, be sworn and charged in the same-cause. ■ The moment cases .of- necessity are admitted to form exceptions, then a. door is opened for the exercise of the discretion of the Court;
 
 he
 
 must judge of that necessi-, ty, and determine what combination of circurrtstances will create one. Many cases are reported exhibiting that, ne-' cessity, as where the jury have made long and unavailing, efforts to agree, where the juror, after being charged, becomes mentally or physically disabled, by sickness or intoxication, or where a witness is absent, under circumstances authorising the belief that he is kept away ; and many other causes for the exercise of this discretion are enumerated by the opposite party. One only case is reported, that I can find, which presents a case much, if not precisely, like this. It is that of the
 
 King
 
 v
 
 Jeffs, Str.
 
 984. There the defendant was prosecuted for barratry. After the jury was charged, the prosecutor proved that his evidence was deficient, and moved the Court to withdraw a juror. Lord Hardwick refused the application, because the punishment might be infamous; but he said “ it might be, and had been, done in other cases of misdemeanor.” In refusing the application, the Judge admitted the power to grant it. .And Judge Kent, in commenting on this case and approving of the decision, remarks, “ for to allow the prosecution in any case to withdraw a juror, because he finds himself not fully prepared in his proofs, is an unreasonable indulgence, unless it appear that some part of the testimony was wanting, through the contrivance or agency of the defendant.” The rule, then, is, that in misdemeanors, the Court may withdraw a juror, when, in its discretion, it judges it
 
 necessary
 
 to the ends of justice. No precise rule can be laid down to govern the infinite variety of cases, that máy come under the general question, touching the power of the Court
 
 *206
 
 to discharge juries, charged in criminal cases of misdemean- or. It must be left in the sound discretion of the Judge, who tries the cause. And it is right it should be so. The reasons for exercising the power must be more accurately perceived and more justly felt by him, than by any other Court. But aside from its propriety, it being a matter of discretion, this Court has no power to interfere ;
 
 Brady
 
 v
 
 Beason,
 
 6 Ire. 425.
 

 Per Curiam. Motion refused.