STATE v. R. J. BASS and Samuel Jones.

*Discharge of jury before verdict, in felonies not capital.*

In misdemeanors and in all felonies not capital, the presiding judge has the discretion to discharge a jury before verdict in furtherance of justice. He need not find facts constituting the necessity for such discharge, nor is his action reviewable.

(*State* v. *Jefferson*, 66 N. C., 309; *Alman*, 64 N. C., 364; *Honeycutt*, 74 N. C., 391; *McGimsey*, 80 N. C., 377; *Morrison*, 3 Dev. & Bat., 115; *Weaver*, 13 Ired, 203; *Tilletson*, 7 Jones, 114; *Johnson*, 75 N. C., 123; *Wiseman*, 68 N. C., 203; *Davis*, ·80 N. C., 384, cited, distinguished and approved.)

CERTIORARI granted on petition of defendants at January Term, 1880, of THE SUPREME COURT.

This was an indictment for burglary and larceny tried at Fall Term, 1879, of HALIFAX Superior Court, before *Avery, J.*

A *nolle prosequi* was entered as to the count for burglary, and the defendants were tried on the count for larceny. An appeal was taken from an interlocutory order of His Honor and dismissed in this court. Thereupon on petition of defendants an order was made to have a transcript of the record sent up. The facts material to the question decided are sufficiently stated in the opinion.

*Attorney General* and *F. H. Busbee*, for the State.

*Messrs. Day & Zollicoffer* and *Mullin & Moore*, for defendants.

DILLARD, J. In the case now before us the defendants were indicted and put to trial for larceny, and the jury not being able to agree, by order of the court a juror was withdrawn and a mistrial entered without the consent of the defendants, and thereupon they moved for their discharge, which was refused. Failing in that motion, they then requested His Honor to find and have entered of record the facts touching the discharge of the jury, and this being refused, the defendants brought the case to this court by *certiorari.*

The question presented is, whether in a case of larceny punishable by imprisonment in the states' prison or common jail, a jury sworn and charged with the case may or may not be discharged by the court before rendition of a verdict without the consent of the party on trial, and without the necessity, (with the facts found and spread on the record constituting it,) as is required in the case of capital felonies, or may be discharged in the discretion of the judge for reasons satisfactory to him not reviewable in this court.

It is the settled law of this state that in capital felonies a jury once sworn and possessed of the case of a prisoner upon a sufficient bill of indictment, cannot be discharged before verdict, except by consent of the prisoner or upon some great necessity ; and not then unless the facts constituting the necessity be found and put on the record so as to be subject to review in this court on the application of the prisoner. *State* v. *Jefferson*, 66 N. C., 309 ; *State* v. *Alman*, 64 N. C., 364 ; *State* v. *Honeycutt*, 74 N. C., 391 ; *State* v. *McGimsey*, 80 N. C., 377.

To the rule thus established in capital cases, we yield our assent and accept the same as definitive and final, without inquiry into the authorities and reasons on which it is founded; so that it is only necessary that we should give attention to and decide how the rule is or ought to be in felonies below the grade of capital, and in misdemeanors.

In these classes of offences, in our opinion, we are equally concluded by the weight of authority in our own state reports; so that we need do no more in the determination of the question brought under consideration by this appeal, than to decide how it has been settled as a North Carolina question.

· In the case of the *State* v. *Morrison*, 3 Dev. & Bat., 115, which was for an assault, the jury not being able to agree, a mistrial was had by the withdrawal of a juror, and on refusal of defendant's motion for his discharge and appeal, it was held in this court that the power of the court in case of misdemeanors was analogous to their power in civil cases, and that it was competent to the courts in such cases to discharge the jury "whenever the circumstances of the case rendered such interference essential to the furtherance of justice."

In the case of *State* v. *Weaver*, 13 Ired., 203, citing and approving the case of the *State* v. *Morrison*, which was also for a misdemeanor, it was decided that the court might make a mistrial without the consent of the accused, whenever in its discretion it should judge it necessary to the ends of justice, and that aside from the propriety of the exercise of the power, it being a matter of discretion, no court could interfere; and to this case there has been frequent reference in the subsequent decisions with approval, and conformably to the rules as therein laid down, has been the practice in misdemeanors ever since the decision was made. So we conclude that in the case of misdemeanors also the law is settled with us.

As to inferior felonies, it is true that the judges, in delivering the opinion of the court in cases capital, have sometimes *arguendo* used language broad enough to put the power of the courts to discharge a jury in such cases under the stringent rule adopted in capital felonies. But on a careful examination of the decisions we think it will be found that

the power of the court in inferior felonies is the same as in misdemeanors.

In the case of the *State* v. *Tilletson*, 7 Jones, 114, the defendant was put on trial for larceny, and the jury not having agreed on a verdict at midnight of the last day of the term dispersed without any order of the court, and from the order of the superior court at the next term discharging the prisoner the state appealed, and on the appeal it was held in this court that the restricted range of judicial power in the case of capital felonies had never been applied to offences of inferior grades, whether felonies or misdemeanors, and it was ruled that it did not apply to them.

In the case of *State* v. *Johnston*, 75 N. C., 123, which was a case of larceny, the jury not being able to agree, the court ordered a juror to be withdrawn and a mistrial entered, and at the next term the defendant moved his discharge, as was done in the case before us, on the ground that he could not again be put on trial for the same offence; and this court, speaking through Chief Justice PEARSON, as to this point held that in felonies punished by hanging, the judge could not discharge the jury before verdict, when the prisoner gave no consent, unless he found the fact creating the necessity and had the same spread on the record so as to be subject to review in this court. But that, as to all other felonies and misdemeanors punishable in the penitentiary or in the common jail, there was discretion, as in civil cases, to make a mistrial whenever the judge believed it proper to do so in furtherance of justice, and such discretion of the judge was not reviewable.

This was the last judicial ruling on the point under consideration, and in conformity therewith, has been the practice ever since, as well as before the decision was made, and hence we conclude that in larceny and in all felonies not punished by hanging, the presiding judge has the discretion to dissolve the jury for causes deemed sufficient by him in

furtherance of justice, and that his action is not reviewable and reversible by any other court.

· This exposition and settlement of the powers of the courts decides the question made on the defendant's appeal, and it is needless that we enquire whether the rule as established with us is or is not consistent with the rulings in the English courts or in the courts of our sister states. There are no decisions of our courts to the contrary of those cited as establishing the discretionary power of the judge to dissolve the jury before verdict in case of larceny.

In the case of the *State* v. *Wiseman*, 68 N. C., 203, for a felony not capitally punished, the judge made a mistrial on account of tampering with the jury by the officer attendant on them, and on the appeal of the defendant from the refusal of the judge to discharge him from being put on trial before another jury, the facts moving His Honor to dissolve the jury appeared of record, and so the point was not made and not decided as to what would have been the effect of a discharge of the jury without the facts appearing of record. Hence the expression of opinion applying the strict rule in capital cases to inferior offences in a case not raising the point ought not to be considered as reversing the previous decisions in the cases of *Tilletson* and *Johnson* on the very point now made.

So likewise in the case of the *State* v. *Davis*, 80 N. C., 384, the indictment was for a capital felony and the jury having been discharged by the consent of the prisoner, the case called for no decision except as to the power of the judge to discharge the jury under the strict rules applying to capital cases. But the judge speaking for the court, *arguendo* used an expression indicating the extension of the rule to *all* felonies. And in this case, as in *Wiseman's*, the expressions used on a point not under consideration ought not to be received as overruling the decision of the court on a point directly presented and passed on. We hold therefore on a

review of the cases in our reports, that His Honor had the discretion to dissolve the jury and hold the defendants for a new jury, and that the security for the proper exercise of his discretion rests not on the power of this court to review and reverse the judge, but on his responsibility under his oath of office.

PER CURIAM.                                     No error.