## STATE v. BRYSON.

*Disturbing  Congregation— Variance—Evidence—Practice.*

1. Where the charge against the defendant is disturbing a congregation *actually engaged* in divine worship, it is a variance to show merely the disturbance of parties *assembled* for such worship.

2. In order to render indictable the disturbance of persons *assembled* for divine worship, the people, or some considerable number, must be *collected* at or about the time when worship is about to commence, and in the place where it is to be celebrated.

3. It is error for the court to allow a jury to find a verdict upon a bare *scintilla* of evidence.

(*State* v. *Patterson* 78 N. C., 470; *State* v. *Ramsay, Id.,* 448; *State* v. *Williams,* 2 Jones, 194; *Cobb* v. *Fogalman,* 1 Ired., 440, distinguished and approved.)

INDICTMENT for Disturbing a Religious Congregation, tried

at Fall Term, 1879, of GASTON Superior Court, before Buxton, J.

The bill of indictment is as follows: The jurors, &c., present that on the first day of April, 1878, &c., a number of citizens were peacefully assembled at Sandy Plain church in said county for religious worship of Almighty God, and the said persons being then and there assembled together for the purpose aforesaid, and actually engaged in Divine worship, P. J. Bryson, well knowing the purpose of the said meeting, with force and arms did then and there by loud talking with oaths disturb, wantonly and intentionally, the worship of the Almighty, and did disturb and molest the citizens then and there assembled for, and actually engaged in Divine worship, to the great contempt of religion, to the common nuisance of the citizens of the state then and there being, against the form of the statute, &c., and against the peace and dignity of the state.

The evidence in support of the indictment, and the exception to the judge's charge, are sufficiently set out in the opinion. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Mr. W. P. Bynum,* for the defendant.

DILLARD, J.   The indictment charges that while the congregation at Sandy Plain church were assembled for and actually engaged in Divine worship, the defendant disturbed the said congregation by loud talking with oaths.

The facts charged amounted to an indictable offence, and if proved as laid, warranted the conviction of the defendant. At the trial no witnesses were introduced except on the part of the state, and they established that defendant, on the occasion of the alleged disturbance, came up near the church door, and asked aside one Smith, and when they had retired some twenty or thirty steps, he began to quarrel with and

curse him about killing a dog a few days before, in a voice loud enough to be heard by persons in the church, and thereupon the deacons of the church came to defendant and talked with him and he forthwith became quiet. The witnesses further proved that up to the end of the loud talking aforesaid, the people had not assembled in the church, some being in the house, and others, including the witnesses, being outside, and that Divine worship had not commenced; but that on the cessation of the quarrel, the minister being seen at or near the door just before, the congregation assembled in the house, and the worship was commenced and conducted through without any molestation whatever.

Upon this state of the proofs, the defendant asked His Honor to instruct the jury that there was no evidence that he had committed the offence charged in the indictment, and His Honor refused to give the instruction requested, but instead thereof charged the jury that it was for them to say from the evidence whether the defendant has disturbed the congregation at Sandy Plain church *assembled* for Divine worship, and on this refusal of the charge requested, and in the one given, the assignment of error is made.

The charge in the bill of indictment is for disturbance to the congregation *assembled for and actually engaged in Divine worship,* and the proof taken most strongly for the state shows affirmatively that the service was not commenced, nor the congregation actually engaged in worship until after the loud and profane language was at an end. And thus as it seems to us, the state failed to prove the charge as laid, or to offer evidence from which the constituent facts in the offence as alleged could be reasonably inferred by the jury. In such a state of the evidence not proving or reasonably warranting the inference of the truth of the facts entering into and making up the offence charged, it is uniformly held to be the duty of the judge not to leave it to the jury to pass on such facts, but to guide them by telling them there is no

evidence. *State* v. *Patterson*, 78 N. C., 470 ; *Cobb* v. *Fogalman*, 1 Ired., 440 ; *State* v. *Williams*, 2 Jones, 194.

It is our opinion, therefore, that in this view of the offence charged in the indictment the defendant was entitled to the instruction prayed. But His Honor having refused the request, went on and left it to the jury to find from the evidence whether the defendant had disturbed the congregation *assembled for divine worship*. It is claimed that the evidence was reasonably sufficient to authorize a finding of disturbance to the congregation *assembled for worship*, if it failed to establish a disturbance to the congregation *engaged in* worship, and it remains to consider of the correctness of His Honor's ruling in this view of the case.

In every indictment it is required that the facts entering into and composing the alleged violation of law should be stated with reasonable certainty, so that the accused may come prepared for his defence. Archbold's Cr. Pr. and Pl., 778 ; 1 Chitty Cr. Law, 172. Here no disturbance to a congregation assembled is alleged, but to a congregation assembled and actually engaged in worship. And under the form of the charge it would never occur to the defendant that the state would expect to convict him of a disturbance to a congregation merely assembled and not engaged in worship, and hence he would be surprised and taken at a great disadvantage at the trial.

But suppose it be competent under this bill of indictment to have a conviction of defendant of a disturbance to the congregation *assembled* for divine worship, as we have no doubt is admissible, the question will arise whether the facts proved by the state will any more prove this particular charge than they did the charge of disturbance to a congregation *engaged in worship*. It seems to us the evidence of this charge was of such a character as not to authorize His Honor to submit it to the jury to find a verdict upon it. The evidence did not establish the fact of the people being

assembled for worship at the time of the loud talking of defendant, but showed merely that they were in process of coming together. It showed that the congregation was not gathered together in the house where the worship was to be engaged in, but some were in the house and some outside. In our opinion the people or some considerable number must be collected at or about the time when worship is about to be commenced, and in the place where it is to be had, in order to make a disturbance to them indictable. It may then be said the congregation is assembled for worship and the protection of the law then extends to them.

. The case of *State* v. *Ramsay*, 78 N. C., 448, relied on by the state as sustaining the rulings of the court below, is distinguishable from this. There, the congregation was collected and devotional exercises had commenced, the minister being in his place, and the regular worship under the direction of the minister was about to commence and would have been but for the disturbance of Ramsay, while here the people had not assembled in a proper sense, but were merely in the course of coming together.

We hold therefore that His Honor erred in the refusal of the charge asked by defendant, and also in the charge given. Let this be certified.