This has been settled since the case of *S. v. Willis,* 63 N. C., 26.

The charge, considered as a whole, is clear, full, and accurate, and fairly presents the contentions of the defendant as to law and fact.

No error.

## STATE v. JERRY M. ANDREWS.

(Filed 22 April, 1914.)

**Trials—Withdrawing Juror—Court's Discretion—Appeal and Error —Statutes.**

Upon the trial of misdemeanors and felonies less than capital, it is within the discretion of the trial judge to withdraw a juror and make a mistrial when to him the ends of justice seem to require; and in the absence of abuse of the exercise of this discretion therein, no appeal will lie; nor is this position affected by the provisions of ch. 73, Public Laws 1913, passed doubtless to enable a defendant to present the question of his innocence or guilt upon the State's evidence, etc., as a matter of law, with the right of appeal only from final judgment of guilt. *Semble,* if the statute affected the discretion of the trial judge, exception duly noted should be taken to his action and presented on appeal· from final judgment or by *certiorari.*

APPEAL by defendant from *Lane, J.,* at January Term, 1914, of GUILFORD.

Indictment for abandonment. There was evidence offered by the State with a view of supporting the bill of indictment. At the close of the State's testimony, the case on appeal shows the following proceedings as transcribed from the minute docket entries:

"The defendant's counsel moved the court to dismiss the bill of indictment, on the ground that the testimony of the State, in the light most favorable to its contentions, did not show any offense to have been committed, but showed, on the contrary, that no offense had been committed, and that the defendant has neither abandoned nor failed to provide support, as charged.

"His Honor, thereupon, intimated that he would allow this motion. Whereupon, the State asked leave, in deference to this intimation of the court, to enter a *nol. pros.* Upon intimation by the court that this would not be allowed, after the close of the testimony, and after the motion by the defendant, the State then asked the court to withdraw a juror and order a mistrial, which the court intimated its purpose to do. Thereupon the defendant, through his counsel, then moved the court to proceed with the trial of the cause. This motion of the defendant was also declined. To this refusal of his Honor to proceed with the cause, the defendant excepted. The court then refused to allow the defendant's motion to dismiss. To this refusal of his Honor, the defendant excepted. Thereupon the court caused entry to be made of the withdrawal of a juror and ordering a mistrial. To this action of the court the defendant excepted.

"The defendant, excepting to the action of his Honor in the particulars noted, in open court, appealed to the Supreme Court."

The record further shows the judgment of the court and other proceedings had as follows:

"When State had rested, counsel for defendant moved for a nonsuit. Overruled. Exception. It appearing to the court that there may be probabilities of the prosecuting witness and the defendant being reunited in a home, the court, in exercising its discretion, ordered a juror to be withdrawn and mistrial made. The defendant in open court gives notice of appeal from the ruling of the court overruling motion of the defendant for the dismissing of this case upon testimony of State's witness. Also for the refusal of the court to proceed with the trial of cause after said motion was overruled. For the ruling of the court withdrawing a juror and making a mistrial. Notice waived; appeal bond fixed at $25."

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*W. P. Bynum, R. R. King, Jr., and King & Kimball for defendant.*

HOKE, J. The order of his Honor, making present disposition of the cause, was one directing that a juror be withdrawn and a mistrial had, and it has been uniformly held with us that such an order presents no case for appeal in a criminal action, but, in misdemeanors and felonies less than capital, the matter is referred by our law to the discretion of the trial judge. *S. v. Thomas Hunter,* 143 N. C., 607; *S. v. Bass,* 82 N. C., 576; *S. v. Weaver,* 35 N. C., 203. In *S. v. Weaver, Nash, J.,* delivering the opinion, quotes with approval from *S. v. Morrison,* 20 N. C., 115: "That it must, from the reason and necessity of the thing, belong to the court on trials for misdemeanors to discharge the jury whenever the circumstances of the case render such interference essential to the furtherance of justice. Every question of this kind must rest with the court under all the peculiar circumstances of the case"; and again: "The rule, then, is that in misdemeanors the court may withdraw a juror when in its discretion it judges it necessary to the ends of justice. No precise rule can be laid down to govern the infinite variety of cases that may come under the general question touching the power of the court to discharge juries in criminal cases of misdemeanor. It must be left in the sound discretion of the judge who tries the cause. And it is right it should be so. The reasons for exercising the power must be more accurately perceived and more justly felt by him than by any other court. But aside from its propriety, it being a matter of discretion, this Court has no power to interfere. *Brady v. Beason,* 28 N. C., 425." And in *S. v. Bass, supra,* it was expressly held, "That, in misdemeanors and all felonies not capital the presiding judge has the discretion to discharge a jury before verdict in furtherance of justice. He need not find facts constituting the necessity for such discharge, nor is his action reviewable"—a position undoubtedly sound unless under circumstances establishing gross abuse; a case not presented by this record. In *S. v. Thompson,* 95 N. C., pp. 596-600, to which we were referred, in holding that "the State could not enter a *nol. pros.* in a criminal action after the jury was impaneled, without the consent of the accused," the Court was careful to state that the decision had reference to the

action of the solicitor, and that it was not intended to "question the right of the presiding judge to order a mistrial in proper instances."

It is urged for defendant that the principle announced and upheld in these cases has been altered or greatly modified by a recent act of the Legislature, and, on motions of this character made, under the terms of the law, "the judge has no longer right to order a mistrial, but must proceed with the cause to final judgment"; and it is argued, further, that unless this view be adopted the law would be of no effect. The statute, ch. 73, Public Laws 1913, is as follows:

*"The General Assembly of North Carolina do enact:*

"SECTION 1. When on the trial of any criminal action in the Superior Court the State shall have produced its evidence and rested its case, the defendant may move to dismiss the action or for judgment of nonsuit. If the motion shall be allowed, judgment shall be entered accordingly; and such judgment shall have the force and effect of 'Not guilty' as to such defendant.

"If the motion is refused, the defendant may except; and if the defendant introduce no evidence, the case shall be submitted to the jury as in other cases, and the defendant shall have the benefit of his exception on appeal to the Supreme Court.

"Nothing in this act shall prevent the defendant from introducing evidence after his motion for nonsuit shall have been overruled; and he may again move for judgment of nonsuit after all of the evidence in the case is concluded. If the motion is then refused, upon consideration of all of the evidence, the defendant may except; and, after the jury shall have rendered its verdict, he shall have the benefit of such latter exception on appeal to the Supreme Court.

"If such defendant's motion for judgment of nonsuit, made at the trial as herein provided, be granted, or be sustained on appeal to the Supreme Court, it shall in all cases have the force and effect of a verdict of 'Not guilty.' "

The statute, as its terms import, was no doubt passed to enable a defendant to present the question of his guilt or innocence, on the State's testimony, as a legal proposition to the judge, and

thus, if successful, avoid the risk of an adverse jury verdict, and, if the ruling was against him and no further evidence is offered, to preserve the point on appeal from a final judgment in the trial then pending, a course not open to him before its enactment. *S. v. Moody,* 150 N. C., 847. But the statute nowhere withdraws or proposes to withdraw from a presiding judge the power, in his discretion, to order a mistrial, and we are not at liberty to make it do so by construction. Even if this view would result in rendering the present law of none effect, it is well understood that, in many instances, this power heretofore rested in a trial judge in his sound legal discretion, and is, in many instances, and for different reasons, essential to the due administration of justice, and we would hesitate to adopt and approve a position withdrawing or seriously impairing such power unless required to do so by the plain expression of the legislative will.

Apart from this, it is the well established principle with us that no statutory appeal, in ordinary form, lies in a criminal prosecution except from a judgment on conviction or a judgment in its nature final. *S. v. Webb,* 155 N. C., 426, and authorities cited. In that case the Court said: "It would lead to interminable delay and render the enforcement of the criminal law well-nigh impossible if an appeal were allowed from every interlocutory order made by a judge or court in the course of a criminal prosecution, or from any order except one in its nature final; accordingly, it has been uniformly held with us that an ordinary statutory appeal will not be entertained except from a judgment on conviction or one in its nature final, citing, among other authorities, *S. v. Lyon,* 93 N. C., 575; *S. v. Hinson,* 82 N. C., 540; *S. v. Jefferson,* 66 N. C., 309; *S. v. Bailey,* 65 N. C., 426.

The very statute under which defendant now endeavors to proceed is in full recognition of the principle. Thus, when the motion is made on the State's evidence, "the case shall be submitted to the jury as in other cases, and the defendant shall have the benefit of his exception on appeal, etc.," and "if further evidence is introduced and the motion is renewed on the entire

testimony and refused, the defendant may except and, after the jury shall have rendered its verdict, defendant shall have the benefit of the latter exception on appeal, etc."

Therefore, even if defendant is right in his position, he could only preserve his point by exception duly noted and have same renewed on a subsequent appeal or by *certiorari*.

For the reasons given, we are of opinion that the appeal should be dismissed, and it is so ordered.

Appeal dismissed.