## STATE v. JESSE UPTON.

### (Filed 22 December, 1915.)

**1. Homicide—Murder—Solicitors—Demand for Conviction in Second Degree—Trial—Capital Felony.**

Where the defendant is indicted for murder in the first degree and the solicitor at the time of calling the case for trial announces he will not ask for a verdict in the first degree, and an entry of record is accordingly made, the trial is not for a capital felony.

**2. Homicide—Murder—Mistrials—Court's Discretion—Appeal and Error.**

Where, without the knowledge of the court or the parties, and after the jury has been selected, sworn, and impaneled, it is discovered that one of them is disqualified to act, for nonresidence in the State, and the trial is for a homicide less than a capital felony, it is within the sound discretion of the court to withdraw a juror and order a mistrial, which is not subject to review on appeal. If for a capital felony, the court may withdraw a juror and order a mistrial, when "necessary to attain the ends of justice," and upon exception duly taken, find the facts, from which an appeal lies as a matter of right. If no such exception is aptly taken, it is within the court's discretion to permit, thereafter, the objecting party to challenge the juror.

**3. Criminal Law—Homicide—Trials—Mistrials—Orders of Court—Appeal and Error.**

The action of the trial judge, on a trial for homicide, in withdrawing a juror, discharging the other jurors, and again beginning the trial, is in effect an order for a mistrial, whether these words were used by the court or not.

APPEAL by defendant from *Cline, J.,* at Spring Term, 1915, of SWAIN.

*Attorney-General Bickett, Assistant Attorney-General Calvert, and Martin, Rollins & Wright for the State.*
*Bryson & Black and A. S. Patterson for defendant.*

CLARK, C. J. The defendant was indicted for murder in the first degree, but when the case was called, and before any jurors were selected, the solicitor announced that he would not ask for a verdict of murder in the first degree, and an entry was made in the record to that effect. It follows that the trial was not for a capital felony. *S. v. Hunt,* 128 N. C., 584; *S. v. Caldwell,* 129 N. C., 682.

When the case was called for trial both sides announced themselves in readiness. A jury was selected, sworn, and impaneled. After the solicitor had read the indictment the attention of the court was called to the fact that one of the jurors was not a citizen and resident of Swain County. This was not previously known to the counsel on either side nor to the court. Counsel on both sides expressed the opinion to the court that if the trial were continued with such juror in the box the irregularity would vitiate the result. Thereupon the court ordered a mistrial and discharged the juror and the entire jury and began the trial

of the case anew, each one of the jurors being passed upon by the State and defendant. The defendant made no exception when the juror was withdrawn and made his exception only when the new jury was impaneled.

The court did not use the words "mistrial ordered," but his withdrawal and discharge of the juror and the discharge of the other jurors and beginning the trial over again was an order for a mistrial.

The trial was for a felony, not capital, and it was discretionary with the judge to order a mistrial. *S. v. Collins,* 115 N. C., 716, citing *S. v. Johnson,* 75 N. C., 123, where *Pearson, C. J.,* said that if on the trial for a capital offense the judge directs a mistrial, he is required to find the facts, and his action is subject to review on appeal; but that on trial for a felony not capital, or for a lesser offense, the discretion of the presiding judge in making a mistrial is not subject to review, for he has the discretion to do so whenever he believes it proper in furtherance of justice, citing *S. v. Weaver,* 35 N. C., 203; *Brady v. Beason,* 28 N. C., 425.

Even if this had been a trial for capital felony, it would not have been error for the court to have made a mistrial "when necessary to attain the ends of justice." *S. v. Guthrie,* 145 N. C., 495; *S. v. Tyson,* 138 N. C., 627, which is cited in *S. v. Dry,* 152 N. C., 813. In the last case a prisoner on trial for capital felony absented himself from court. On discovery of this the judge asked his counsel if he intended to except because of the prisoner's absence, and he said that he did. The judge then ordered a mistrial, and refused a motion for the discharge of the prisoners, there being two on trial. This Court said: "In reply to the inquiry of the court, the counsel of the prisoners, who were on trial together for the homicide, committed jointly, frankly admitted that they would insist upon the nullity of the whole proceeding because of the absence of one of them from the courtroom during part of the time the jury was being selected." The Court further said: "If their contention was correct that the further trial would be a nullity, and the prisoners cannot be heard to the contrary, the prisoners were not in jeopardy and the mistrial was properly ordered; but that if the temporary absence of the prisoner by his own volition would not have had that effect, still the court might well, in the interests of justice, refuse to go on with an important trial with such an objection pending, whose effect would be to place the State at a great disadvantage."

In that case the Court also said that in the Federal courts and in most of the other States a mistrial in a capital felony rests in the sound discretion of the trial judge, as it does in all other cases with us, and that while we have not gone that far, we have modified the stringent rules heretofore prevailing, and that a mistrial in a capital felony can now be made when it is necessary to attain the ends of justice. How-

ever, in this case, which is not for a capital felony, the mistrial was in the discretion of the judge.

We would not, however, be understood as holding that if the trial had proceeded with the juror in the box not excepted to, it would have vitiated the verdict. *S. v. White,* 68 N. C., 159, where a nonresident sat on the jury.

The counsel for the State contend rightly that when an incompetent juror is permitted by the defendant to try his case without objection it does not vitiate the verdict. *S. v. White,* 68 N. C., 159; *S. v. Douglas,* 63 N. C., 501.

In *S. v. Lambert,* 93 N. C., 618, where the defendant was tried and convicted of murder in the first degree the Court held: "A challenge to a juror for cause must be made in apt time. It is too late after the juror has been accepted by the prisoner, and has served on the trial. When the incompetency of the juror is not discovered until after the verdict, it is a matter of discretion for the judge to grant a new trial or not. His refusal to do so is not reviewable. In that case the juror on his *voir dire,* after being sworn and before taking his seat in the jury box, remarked, loud enough to be heard by the court and counsel, that he was not 21; but no objection was made to the juror by the prisoner till after the verdict. The court held that when the juror came to the book to be sworn on his challenge for cause, the prisoner should then and there have made known his objection, and, not having done so, the prisoner cannot afterwards except. This is subject, however, to the rule that the court can in its own discretion afterwards make a mistrial, even in a capital case, if the defect was to a disqualification of the jurors, which was "not discovered until after he was tendered and accepted by the prisoner and sworn," adding that even after that, if the prisoner had moved for leave to challenge the juror for cause, the court could allow the challenge in its discretion and not as a matter of right, citing *S. v. Adair,* 68 N. C., 68.

*S. v. Lambert* was cited and approved in *S. v. Council,* 129 N. C., 517, which cited many cases, as where the juror had been incompetent because a minor, *S. v. Lambert,* 93 N. C., 618; or an atheist, *S. v. Davis,* 80 N. C., 412; or not a freeholder, *S. v. Crawford,* 3 N. C., 485; or a nonresident, *S. v. White,* 68 N. C., 159; or related, *Baxter v. Wilson,* 95 N. C., 137, and there have been cases to the same effect since, *S. v. Maultsby,* 130 N. C., 665; *S. v. Lipscomb (Walker, J.),* 134 N. C., 697, and there are still others.

The other exceptions do not require discussion.

No error.