## STATE v. GEORGE GUICE.

(Filed 9 December, 1931.)

**Criminal Law J b—Trial court may withdraw a juror and order mistrial in his discretion in criminal prosecutions other than capital felonies.**

In misdemeanors and felonies not capital the trial court may withdraw a juror and order a mistrial in his discretion, before verdict, and without finding the facts upon which his action is based, and in capital felonies he may do so upon finding the facts which are subject to review

on appeal, and in this case his judgment ordering a mistrial over the defendant's objection after refusing defendant's motion for judgment as of nonsuit, is affirmed, there being no evidence of abuse of discretion.

APPEAL by defendant from *Sink, J.,* at October Term, 1931, of HENDERSON. Affirmed.

The bill of indictment and record is as follows:

"The jurors for the State, upon their oath present that George Guice, in Henderson County, on 1 September, 1916, did unlawfully, feloniously and wilfully assault, beat and wound one May English, a female person, with a deadly weapon, to wit: a certain rock and knife, with intent then and there to kill and murder the said May English, the said Guice being a man over the age of 18 years, resulting in serious and permanent injury, loss of blood and permanent cuts and bruises, contrary to the statute in such cases made and provided, and against the peace and dignity of the State.                J. Will Pless, Jr., Solicitor.

A true bill.

    John D. Osborne, foreman of grand jury, October Term, 1931.

To the foregoing bill of indictment the defendant pleads not guilty. In the case at bar, after the State had introduced evidence and rested its case, the defendant, through his counsel, moved for judgment as of nonsuit, which motion was argued by counsel for defendant and by the solicitor for the State.

Before ruling on defendant's motion for judgment as of nonsuit, the court, acting in its discretion and over the objection of defendant's counsel, and exception, withdraws a juror and orders a mistrial, to which the defendant's counsel again objected, and excepted.

After the court had ordered a mistrial the defendant, through his counsel, moved the court for the discharge of the defendant and his bond. The motion was denied and defendant excepted."

To the above exceptions defendant duly assigned error and appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*R. L. Whilmire for defendant.*

CLARKSON, J. The only question presented on this appeal: Did the court below, after the State had rested its case, over objection of defendant, who made a motion for judgment of nonsuit, C. S., 4643, have the discretion to withdraw a juror and order a mistrial? We think so.

In misdemeanors, and all cases of felonies not capital, the court below has the discretion to order a mistrial and discharge a jury before verdict in furtherance of justice and the court need not find facts constituting the necessity for such discharge, and ordinarily the action is not reviewable. In capital felonies the facts must be found and the necessity for such discharge is subject to review. *S. v. Bass,* 82 N. C., 570; *S. v. Andrews,* 166 N. C., 349; *S. v. Ellis,* 200 N. C., 77.

In the *Bass case, supra* (a felony), at p. 574-5, speaking to the subject, the Court said: "We hold therefore on a review of the cases in our reports, that his Honor had the discretion to dissolve the jury and hold the defendants for a new jury, and that the security for the proper exercise of his discretion rests not on the power of this Court to review and reverse the judge, but on his responsibility under his oath of office."

This discretion has been jealously guarded by the courts below, and we can see no gross abuse presented on this record.

The question of the statute of limitation is interestingly discussed in the briefs of both the State and defendant. From the present record we are not now called upon to decide this question raised by the briefs. The judgment of the court below is

Affirmed.