## STATE v. GRANT (SKINNY) HOLBROOK.

(Filed 18 October, 1950.)

**1. Criminal Law § 50f—**

During his argument to the jury, the action of the solicitor in throwing defendant's gun to the floor several times to demonstrate that it would not fire accidentally, even if amounting to the introduction of experimental evidence upon dissimilar conditions, *held* an incident of the trial to be dealt with by the trial court in its sound discretion, and an exception thereto cannot be sustained when no abuse of discretion appears of record.

**2. Homicide § 27b—**

An instruction that the burden of showing want of malice was upon defendant is not erroneous when, construing the charge contextually, the instruction relates solely to the burden resting upon defendant to rebut the presumptions arising when the State has shown beyond a reasonable doubt an intentional killing with a deadly weapon.

**3. Criminal Law § 81c (2)—**

An inadvertence in the charge cannot be held for reversible error on defendant's appeal when such inadvertence is favorable to defendant.

**4. Homicide § 27f—**

An erroneous charge on the right of self-defense by a person when on his own premises cannot be held prejudicial when the error in the instruction is favorable to defendant in stating too broadly the right to use force to repel an assault, especially where the evidence discloses that defendant had followed his adversary off the premises and shot him some distance away.

**5. Homicide § 27b—**

An instruction to the effect that defendant must have satisfied the jury from his own testimony or the testimony of his witnesses of the want of malice to rebut the presumption arising from a showing of an intentional killing with a deadly weapon, will not be held for reversible error as excluding from the jury's consideration on the point any exculpatory testimony given by or elicited from the State's witnesses when the *lapsus linguae* is corrected in other portions of the charge.

**6. Same—**

The singular omission of the word "intentional" in the charge upon presumptions arising from an intentional killing with a deadly weapon, will not be held for prejudicial error when in other portions of the charge the court has repeatedly instructed the jury that the shooting had to be intentional in order for the presumptions to obtain.

**7. Criminal Law § 53b—**

While reasonable doubt may arise from lack of evidence or want of it or its deficiency, as well as "out of the evidence," the court's instruction on this point *is held* not prejudicial upon the facts and circumstances of this case.

**8. Same—**

The failure of the court to repeat the *quantum* of proof resting upon the State each time a finding is to be made from the evidence will not be held for error when the *quantum* of proof is repeatedly and correctly stated and the jury could not have been misled.

APPEAL by defendant from *Rudisill, J.,* March Term, 1950, of WILKES.

Criminal prosecution on indictment charging the defendant with the murder of Paul Hemric.

The State's evidence discloses that on Saturday afternoon, 17 December, 1949, Paul Hemric went to the store of the defendant, situate on a public highway between Elkin and Ronda in Wilkes County, and got into an argument with him over the sale of some liquor. This started in the store. Hemric walked out the front door and the defendant followed him. A fight ensued, Hemric striking at the defendant with an open knife. The defendant ordered Hemric away from his premises, ran back into his store and returned with a rifle. Hemric started running up the road, followed by the defendant, and was about 108 feet from the store when a shot from defendant's rifle struck him in the left temple,

or the left ear, and killed him instantly. The defendant hid his rifle after the shooting. It was found about 125 yards from defendant's store, beside a pine log on a little pine ridge.

The defendant's version of the matter is that he struck at Hemric with the rifle, using it only as a club, in order to ward off Hemric's assault on him with a knife, and as the rifle struck Hemric's body, it was accidentally discharged. "I hit him with the gun because he swung at me with a knife." The defendant contends that all he did was in self-defense and that the shooting was fortuitous. An open knife was found on the ground near the body of the deceased.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's Prison for a term of not less than 18 nor more than 24 years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Trivette, Holshouser & Mitchell and W. H. McElwee for defendant.*

STACY, C. J. When the defendant returned to his store, after the shooting, he remarked that "it was an accident," but added significantly, "I can't make nobody believe it was." The jury took him at his word. They did not believe it was an accident or a misadventurous shooting.

The defendant has abandoned all of his exceptions, except those addressed to the argument of the solicitor and the court's charge to the jury.

1. *The Argument of the Solicitor:* During his argument to the jury the solicitor threw the defendant's rifle on the floor three different times to demonstrate that it would not fire when jarred, as contended by the defendant. The defendant says this was an experiment conducted by the solicitor under circumstances entirely different from those existing at the time of the fatal shooting and amounted to the introduction before the jury of an experiment, not in evidence, and would not have been competent as evidence, had it been offered as such. *S. v. Phillips,* 228 N.C. 595, 46 S.E. 2d 720; *S. v. Hedgepeth,* 230 N.C. 33, 51 S.E. 2d 914. The rifle was not loaded in the court room and the jar which the solicitor gave it was totally dissimilar to the one the defendant says he gave at the time of the shooting.

In reply, it is pointed out that the defendant, while on the witness stand, undertook to show the jury how the rifle, which was in evidence, would fire without being cocked, "when it was down out of safety," and he demonstrated to the jury what he meant by the rifle being "down out of safety." Hence, it is contended that the demonstration of the solici-

tor was in answer to the defendant's use of the gun before the jury, and that such demonstration was permissible under the circumstances. In no event, however, could it have prejudiced the defendant's case.

Without pursuing the arguments pro and con any further, we think the complete answer to the exception is, that it seems to be "much ado about nothing." The demonstration of the solicitor was entirely futile; it proved nothing and it answered nothing. At any rate, it was only an incident occurring on the hearing, and must be left to the sound discretion of the trial court, to be dealt with as seemed best to him at the time. No abuse of his discretion is discernible or manifest on the record. *S. v. Bowen,* 230 N.C. 710, 55 S.E. 2d 466, and cases there cited. The exception appears feckless and is not sustained.

*The Charge of the Court:* The court's charge to the jury was a lengthy one; it covers thirty pages of the record and evidently consumed a bit of time in its delivery. Its chief cause for criticism is, that it recites a number of legal expressions or propositions not entirely germane to the case. However, they are regarded as harmless or non-prejudicial to the defendant.

In all, the defendant assigns error in thirty-six portions of the charge. At the last, however, he concedes they may be regarded as cured or harmless under the rule of contextual construction, unless they are too numerous and weighty and call for too many indulgencies. Obviously, they cannot be considered *seriatim* in an opinion without extending it to a burdensome and intolerable length. We select only a few.

*Exception No. 113:* The defendant complains at the following expression in the charge: "To create manslaughter the prisoner and not the State has the burden of showing that there was no malice, in which event it is reduced to manslaughter," etc.

Standing alone, of course, this instruction would be erroneous. Taken in its setting, however, it assumes a different hue. The court had just instructed the jury in respect of the presumptions arising from an intentional killing with a deadly weapon, to wit, unlawfulness and malice, which, nothing else appearing, would make out a case of murder in the second degree. Then, starting from this point, the instruction was, that the State must show something more, to wit, premeditation and deliberation, to establish the capital offense of murder in the first degree. And the defendant, if he would escape a verdict of murder in the second degree, was required to show to the satisfaction of the jury, there was no malice, which would reduce the offense to manslaughter, and to absolve himself entirely, the defendant had the burden of satisfying the jury of the misadventurousness of the homicide, or that it was committed in self-defense. Viewed in the light of the whole charge, the instruction is unexceptionable. *S. v. Creech,* 229 N.C. 662, 51 S.E. 2d 348; *S. v. Phillips, supra.*

*Exception No. 120:* The defendant assigns as error the following excerpt from the charge: "Now, as I have told you, gentlemen of the jury, the burden of establishing, not beyond a reasonable doubt, but simply satisfying the jury, that the killing was done without malice, if he would reduce it from murder in the second degree to manslaughter, and if he does not establish that to your satisfaction, and goes no further, it would then become manslaughter," etc.

There seems to be an injudicious use of the word "not" in the latter part of this instruction—probably an error in reporting—but, however this may be, it was favorable to the defendant and cannot be held for reversible error.

*Exception No. 131:* The following portion of the charge is challenged on the dual ground of irrelevancy and as stating an erroneous proposition of law: "In expelling or putting a person off of the defendant's premises, the defendant has the right under the law of North Carolina to use such force as is necessary to remove this person from the premises, even to the point of taking the other's life."

Whatever the merits of this exception—and they are quite sufficient to arrest the Court's attention—the defendant is in no position to complain, for the instruction leans heavily in his direction. The deceased was not on the premises of the defendant at the time of the shooting. Nor was he moving in that direction. He was 108 feet away. The exception does reveal, however, the difficulty experienced in construing the charge contextually or as a whole.

*Exception No. 143:* Here the court instructed the jury that if the State had failed to make out the capital case, "but has satisfied you beyond a reasonable doubt . . . that the deceased came to his death as a result of a gunshot fired intentionally by the prisoner, then you would return a verdict of murder in the second degree, unless the prisoner himself, through his evidence or the evidence of his witnesses, has satisfied you . . . there was no malice . . . or that the killing was done in self-defense, or that the killing was accidental."

It is the contention of the defendant that this instruction took from him the benefit of any exculpatory evidence given by, or elicited on cross-examination from, the State's witnesses. There would be merit in the contention if the *lapsus linguae* were not corrected in other portions of the charge, which it was.

*Exception No. 145:* In this paragraph of the charge, to which exception is taken, the court instructed the jury that if "the killing was with a deadly weapon, the burden falls upon the defendant to satisfy you that there was no malice on his part" to reduce the offense to manslaughter, etc.

The complaint here is, that the court shifted the burden of proof to the defendant upon the showing of a killing with a deadly weapon, irrespective of its character, whether intentional or accidental. *S. v. McNeill,* 229 N.C. 377, 49 S.E. 2d 733; *S. v. Childress,* 228 N.C. 208, 45 S.E. 2d 42; *S. v. Debnam,* 222 N.C. 266, 22 S.E. 2d 562. The court, however, had repeatedly instructed the jury in respect of the presumptions arising from an intentional killing, and the omission of the word "intentional" here was cured in other portions of the charge. *S. v. Burrage,* 223 N.C. 129, 25 S.E. 2d 393.

Yet, again, we have the oft-repeated definition of a reasonable doubt as "one growing out of the evidence in the case." Of course, it may arise from the lack of evidence or want of it or its deficiency, as well as "out of the evidence" given in the case. *S. v. Bryant,* 231 N.C. 106, 55 S.E. 2d 922; *S. v. Wood,* 230 N.C. 740, 55 S.E. 2d 491.

Finally, complaint is made of the failure of the judge to repeat the instruction of proof "beyond a reasonable doubt," required of the State to establish an intentional killing with a deadly weapon in order to raise the presumptions of unlawfulness and malice. *S. v. Childress, supra; S. v. Harris,* 223 N.C. 697, 28 S.E. 2d 232. However, as this was given at the beginning of the charge and repeated several times thereafter, the jury could hardly have been misled by the court's failure to repeat it each time a finding from the evidence was to be made. *S. v. Tyndall,* 230 N.C. 174, 52 S.E. 2d 272; *S. v. Suddreth,* 230 N.C. 239, 52 S.E. 2d 924.

There are other expressions in the charge, some brought forward in defendant's brief and some not, which appear equally as difficult, if not more troublesome, to reconcile than the five selected, but as they seem surmountable or have been abandoned, we also pretermit them.

We are unable to sustain any of the exceptions debated on brief.

No Error.