## STATE v. DAVID BROCK.

(Filed 31 October, 1951.)

**1. Criminal Law § 22—**

Where, in a prosecution for assault with a deadly weapon, a mistrial is ordered, defendant's plea of former jeopardy upon the subsequent trial is properly denied.

**2. Criminal Law § 83—**

Where the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed without becoming a precedent.

VALENTINE, J., took no part in the consideration or decision of this case.

STATE v. BROCK.

APPEAL by defendant from *Harris, J.,* March Term, 1951, of EDGE-COMBE. Affirmed.

The defendant was indicted for secret assault on J. D. Wyatt and several others, 16 September, 1949 (G.S. 14-31).

There was verdict of guilty of assault with a deadly weapon, and from judgment imposing sentence defendant appealed, assigning error in the denial of his plea of former jeopardy and in the admission of certain testimony.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State.*
*Robert S. Cahoon for defendant, appellant.*

DEVIN, C. J. This Court is of the opinion unanimously that defendant's plea of former jeopardy was properly denied. *S. v. Dove,* 222 N.C. 162, 22 S.E. 2d 231; *S. v. Guice,* 201 N.C. 761, 161 S.E. 533. But the members of the Court are evenly divided in opinion (*Justice Valentine* not sitting) whether error in the admission of testimony as to declarations and conduct of Jim Cook in the absence of the defendant was prejudicial requiring a new trial. Hence the judgment of the Superior Court must stand affirmed, without becoming a precedent.

Judgment affirmed.

VALENTINE, J., took no part in the consideration or decision of this case.