STATE v. L. D. ALLEN, JR.

(Filed 20 November, 1957)

1. **Criminal Law § 26—**

   Suspension of the hearing of a case before the jury has been impaneled will not support a plea of former jeopardy.

2. **Escape § 4—**

   Evidence *held* sufficient to be submitted to the jury in this prosecution of defendant for aiding and assisting a prisoner to escape with knowledge that the prisoner had escaped from the prison to which he was lawfully assigned.

APPEAL by defendant from *Seawell, J.,* June, 1957 Term, JOHNSTON Superior Court.

Criminal prosecution upon a two-count bill of indictment charging (1) conspiracy with Hoke Smith to aid and assist him in escaping from a prison camp to which he was lawfully committed, and (2) the substantive offense of aiding and assisting Hoke Smith in the escape, having knowledge that he had escaped from the prison to which he was lawfully assigned. The Court withdrew the first count and the jury returned a verdict of guilty on the second. From a jail sentence of not less than 18 nor more than 24 months, the defendant appealed.

*George B. Patton, Attorney General, T. W. Bruton, Assistant Attorney General, for the State.*
*L. L. Levinson, for defendant, appellant.*

PER CURIAM. The defendant's plea of former jeopardy cannot be sustained. At the time hearing of this case was suspended for a short time for the consideration of other court matters, the jury had not been impaneled. Hence jeopardy had not attached. *State v. Brock,* 234 N.C. 390, 67 S.E. 2d 282. The evidence was sufficient to require the submission of the case to the jury and to sustain the verdict.

No error.