Nash, J.
 

 We do not exactly see, what it is the plaintiff wishes us to do for him, or in what manner he desires to be relieved. If it is, that we shall grant him a decree for so much money wrongfully paid by him under the judgment at law, we cannot grant his request. It is calling upon the Court to give him a decree against the defendants for a legal demand, unascertained by a judgment at law. If the plaintiff have a legal claim he must establish it at law, before he can ask the aid of this Court.
 
 Brown
 
 v.
 
 Long,
 
 1 Ire. Eq. 190. But he has no claim at law. The money paid by him was paid under the judgment of a Court of Justice — under compulsion of law_
 

 an action for money had and received, which is an equitable action, will not lie to recover it back, however unconscientiously retained by the defendant. The contrary was at one time ruled by Lord Mansfield in
 
 Moses
 
 v.
 
 *96
 

 McFarland, 2
 
 Bur. 1009, but that case has been repeatedly overruled.
 
 Marriott
 
 v.
 
 Haughton,
 
 7 Term Rep. 268, 2
 
 East.
 
 469. 5
 
 Fawn.
 
 143. In the first case. Lord Kenyon would not grant a rule to show cause, lest it should imply a doubt as to the plaintiff’s right to recover — observing “after a recovery by process of law, there must foe an end of litigation — otherwise, there would be no security for any one ” There the defendant bad brought an action for goods sold, and for which the plaintiff had paid him and taken his receipt, but the receipt was, at the time of the trial, mislaid, and the plaintiff, not being able otherwise to prove the payment, judgment was given against him, which be paid. Afterwards the receipt was found and the application made for a rule t&shaw cause. Neither will a Court of Equity interfere, and fear the same reason. In the case of
 
 Pegram
 
 v.
 
 King, 2
 
 Haw. 610, which was a bill to set aside a verdict at law, obtained by fraud and perjury, Chief Justice Taylor, in delivering the opinion of the Court, observes, that the power of the Court of Equity to grant new trials “is never extended to any case, where the party applying has been guilty of any
 
 Haches
 
 and might have made use of the evidence at law.’* The language of the Court in
 
 Wilson
 
 v.
 
 Leigh,
 
 4 Ired. Eq. 100, speaking of the trial at law, the verdict in which was sought to be set aside on the ground of subsequently discovered testimonjr, is, “the question being legal, the tribunal legal, and the trial regular, the result must be She conclusion on the one party as well as on the other, unless there was fraud practised by one ©f them on the trial, so as to prevent its being a fair trial.* To the same effect is the ease of
 
 Martin
 
 v.
 
 Harding.
 
 3 Ired. Eq. 603. In each of these eases there was a demurrer, which was sustained, and the bills dismissed. No fraud is alleged in this case. The plaintiff does not ask a new trial at law, but a decree for the money over paid, and the same prin* ciple applies — it is in substance the same redress.
 

 
 *97
 
 The decree in the Court below, overruling the demurrer, is erroneous, and must be reversed, and the bill dismissed with costs in this Court.
 

 Per Curiam.
 

 Decree accordingly.