ALFRED MAY & WIFE v. STIMSON LUMBER COMPANY.

*Judgments—Erroneous and Irregular Judgments—Remedy for—Practice.*

1. An irregular judgment is one contrary to the course and practice of the court, and the remedy against it is a motion in apt time to set it aside, while an erroneous judgment is one rendered according to the course and practice of the court, but contrary to law, which can only be remedied by an appeal.
2. When an erroneous judgment was rendered at one term of court in an action in which the defendant had appeared and answered, it was error at a subsequent term to set it aside on motion.

MOTION by defendant to set aside a judgment rendered at January Term, 1896, of PITT Superior Court, by

*Boykin, J.*, heard before *Graham, J.*, at *Chambers*, in Williamston, on September 16, 1896. The motion was granted and plaintiff appealed. The facts are sufficiently stated in the opinion of Chief Justice FAIRCLOTH.

*Messrs. Swift Galloway* and *J. B. Batchelor*, for plaintiffs (appellants).
*Messrs. Blount & Fleming*, for defendant.

FAIRCLOTH, C. J.: Judgment was rendered in this action at January Term, 1896, by *Boykin, J.*, and no appeal was taken. On September 10, 1896, the judgment was set aside by *Graham, J.*, on affidavit of the defendant, alleging that it was erroneous in that only one issue was submitted to the jury, although three issues were raised by the pleadings.

The defendant having appeared by attorney and filed an answer to the complaint, he was then in court, although no summons had been served, and there was no irregularity in the course of the court in that respect.

The complaint now made is that the court erred in submitting only one issue to the jury. If that is true, as alleged by defendant, it was error in law, and the judgment rendered was an erroneous one, and the defendant's remedy was by appeal, and not by motion at a subsequent term to have the judgment set aside. That would be his remedy, if the judgment was irregular only, in proper cases.

The distinction has been frequently stated by this Court, to-wit: An irregular judgment is one contrary to the course and practice of the court, as judgments without service of process. An erroneous judgment is one rendered according to the course and practice of the court, but contrary to law, as where it is for one party when it

MAY *v.* LUMBER COMPANY.

ought to be for the other; or for too much or too little. *Wolf* v. *Davis*, 74 N. C., 597. The remedy in the latter event is by appeal; in the former, by motion in apt time.

Issues arise out of the pleadings and must be submitted to the jury. If the court shall be of opinion that one or more issues are enough to reach the merits of the case, without depriving the parties of an opportunity to have their rights heard by court and jury, then no more issues need be submitted, and if in that opinion the court is mistaken the parties have no remedy except to appeal. *Simmons* v. *Dowd*, 77 N. C., 155.

We then have a case in which there was no irregularity; and, if there was no error, the defendant has no case for relief; and, if there was error, he has lost his remedy by failing to appeal. He cannot appeal from one superior court judge to another.

Error.