K. F. ALEXANDER et al v. W. J. ALEXANDER, Administrator of
James M. Alexander et al.

*Practice—Reference—Referee's Report—Appeal—Exceptions—
Guardian and Ward—Negligence of Guardian—Correction
of Judgment—Printing Record on Appeal.*

1. No appeal lies from an order passing on referee's report and recommitting it for correction, but if an exception be noted to the ruling it can be heard on the appeal from the final judgment.

2. An appeal taken from an interlocutory order, but abandoned because prematurely taken, will operate as an exception to such order upon an appeal from the final judgment.

3. Where a guardian accepts from the administrator of an estate a smaller sum than his ward's share in the estate, the guardian or the administrator can, at the option of the ward, be held to account for the deficiency.

4. It is not competent for a judge, on the final hearing of a case, to review and set aside a former interlocutory order or judgment rendered by another judge, to which an exception was taken, such review being reserved for this court on the final appeal.

5. A note given by brothers of an intestate for an attorney's fee to assist in prosecuting the slayer of the intestate, being a debt created after the death of the intestate, is not a proper charge against the estate.

6. When any part of a record on appeal is printed, it should not only be paged but the index and marginal references required in the original (Rules 19 and 21) should also be printed.

7. Well considered briefs being of great advantage to an appellate court, in all cases, and the cost of printing the same being allowed to the successful party, it is desirable, though not required by the rules, that they should be printed and filed.

CIVIL ACTION, tried before *Bryan, J.,* at August, 1896, Term of the Superior Court of BUNCOMBE county, on a referee's report and exceptions thereto. There was judgment for the plaintiffs and defendants appealed.

*Mr T. H. Cobb,* for plaintiffs.
*Messrs. Moore & Moore,* for defendants (appellants).

CLARK, J.: The order of Armfield, J., passing upon the report of the referee, but recommitting it for correction, was not appealable, and an exception should have been noted so as to bring up the ruling on appeal from the final judgment. *Wallace* v. *Douglas*, 105 N. C., 42, and other cases cited; Clark's Code, Second Ed., p. 562. The appeal then noted, but abandoned because premature, is a sufficient exception. *Luttrell* v. *Martin*, 112 N. C., 593. The settlement of the guardian, P. A. Cummings, with the administrator, and the receipt given in full by him, is binding upon such guardian, who, from having been present at the statement of the account before the Clerk, had full knowledge of the transaction, and, indeed, there is no allegation of fraud or mistake, nor any proof, if it had been alleged, which would justify setting aside the receipt. But this action was brought by the wards in their own behalf by a next friend (the guardian subsequently being made a party), and, if he accepted a lesser sum than the wards were entitled to, they have their option to sue either the guardian or the administrator for the deficiency. *Culp* v. *Lee*, 109 N. C., 675. The receipt in full given by the plaintiff, K. F. Alexander, widow of the deceased, is *prima facie* binding upon her, and there is neither allegation nor proof to rebut this, but it appears from the "additional findings of fact by agreement of parties" that the McLeod note in question was paid out of the money derived from sales of land which belonged to the children and was deducted out of the balance which should have been paid over to the guardian. The widow, Mrs. Alexander, is entitled to no part of this recovery, and therefore her estoppel does not affect the judgment. The defendant's exceptions filed at August Term, 1896, are solely because the wards are not held estopped by the guardian's receipt and that the court did not hold the payment a proper charge. It was

not competent for Judge Bryan, at the final hearing, to review or set aside the former judgment of Judge Armfield. *Scroggs* v. *Stevenson*, 100 N. C., 354; *May* v. *Lumber Co.*, 119 N. C. 96. That was reserved for the judgment of this court by the exception entered thereto at the time.

The note given by the two brothers of the deceased for a fee to counsel to assist in prosecuting the alleged murderer of the intestate, being a debt created after the death of the intestate, was not a proper charge against the estate. *Banking Co.* v. *Morehead*, 116 N. C., 410; *Froelich* v. *Froelich*, 120 N. C., 39. That one of the obligors subsequently qualified as administrator did not entitle him to retain the sum paid.

We note that in this case the printed record contains an index as required by Rule 19 (3). The original record is required by Rules 19 and 21, to be paged and indexed, with marginal references to the contents, under a penalty (Rule 20) of a reference to the Clerk of this court to add the paging, indexing and marginal references with an allowance of $5 therefor. When any part of the record is printed, it should not only be paged as is usual, but the index and marginal references required in the original should also be printed. Those requirements, if complied with, will much facilitate the argument of cases by counsel and their consideration by the court. There are too many cases in which this has been neglected. It is now called to the attention of appellants and their counsel that an expense of $5 may not be incurred by some who might overlook this matter, which is required by the rules and which is observed by others. While the rules do not yet make it obligatory to file a printed brief in every case, it is always desirable that counsel should do so. They are taxed in the bill of cost in favor of the winning party. A well considered brief is an assistance much to be desired by any appellate court, and in all cases.                    No Error.