The court found the following facts:
The summons was duly served on Calvin J. Cowles, returnable to January Term, 1897. Plaintiff filed verified complaint within first three days of term. No answer was filed. *Page 219 
Defendant Calvin J. Cowles, a resident of Wilkesboro, was prevented by illness from attending at said term, but was represented by counsel, who was present. Defendant did not inform his counsel as to the cause of his absence or as to the ground of his defense, but wrote a letter, simply stating that it was impossible for him to attend, and requested counsel to have case continued at said term.
Plaintiff's counsel moved for judgment by default final. Defendant's counsel opposed the motion and requested a continuance, with leave to answer.
Thereupon plaintiff's counsel stated that if counsel for the (274) defendant would say that his client had a meritorious defense, the request for time to answer would not be opposed.
Defendant's counsel stated he had no information as to the nature of the defense or as to the cause of his client's absence, except such as was contained in the letter.
The judgment which is attacked by this motion was then rendered.
The court further found that in the action brought by Matheson against defendant C. J. Cowles, mentioned in article 5 of said complaint, H. C. Cowles, the plaintiff in this cause, became a party defendant. The Matheson action was tried in Superior Court and judgment rendered in favor of defendants. Whereupon, Matheson gave notice of appeal to Supreme Court. H. C. Cowles, believing the appeal would be successful, in order to protect the mortgage security for the debts owing to him by his then co-defendant, Calvin J. Cowles, paid Matheson $158.50, as stated in said complaint. The sum of $32.75 represents the amount of taxes paid by Matheson, including the tax for which the land was sold, and 20 per cent interest thereon allowed to purchasers at tax sales. This last amount is conceded to be justly owing by Calvin J. Cowles to H. C. Cowles. The residue of said $158.50 was to cover the costs of the suit brought by Matheson, viz., $25.85, and the amount agreed on as a compromise, viz., $100. It is as to these last two items, aggregating $125.85, that defendant Calvin J. Cowles complains and seeks to vacate the judgment by default.
The court further found that Matheson abandoned his appeal in consideration of the amount so paid him, and that the said compromise was effected without the knowledge or consent of Calvin J. Cowles, and that said amount of $125.85, with interest at 6 per cent from 17 February, 1894, the date of payment to Matheson, was embraced in the judgment by default. The court was of the opinion that the judgment (275) which the defendants attacked must have been rendered on the ground that the facts set forth in the complaint raised an implied contract on the part of Calvin J. Cowles to reimburse H. C. Cowles the $125.85 paid by the latter in effecting the compromise. His Honor was *Page 220 
of the opinion that the judgment was not irregular and that the facts did not constitute excusable neglect. He therefore adjudged, not as a matter of discretion, but for the reason stated, that the motion be denied and that plaintiff recover of defendant Calvin J. Cowles his costs of the motion. From this judgment the defendant appealed.
This is a motion to set aside a judgment by default final, taken at a previous term. The summons was duly served and a verified complaint filed. The defendant was represented by counsel, but filed no answer. The plaintiff's counsel stated he would agree to the allowance of time to file answer if defendant's counsel would say that he had a meritorious defense. This he declined to do, saying that he had a letter from his client stating he could not attend, but not informing him why he could not, not stating any ground of defense. Judgment final was thereupon entered. The conduct of defendant was inexcusable in not giving his counsel information on these points. Even now he shows no sufficient excuse for his failure to do this, and his Honor properly refused to set the judgment aside for excusable neglect. Besides, his refusal is a matter of discretion, and not reviewable unless it appeared that his discretion had been abused. Wyche v. Ross,119 N.C. 174; Stith v. Jones, ib., 428; Brown v. Hale, 93 N.C. 188.
The defendant then insisted that the judgment should be set aside for irregularity. The part of the judgment alleged to be irregular is (276) that rendered for the cause of action set out in the fifth section of the complaint, which avers "That in addition to the sums of money due, as aforesaid, and secured by mortgage, the said Calvin J. Cowles is indebted to the plaintiff in the sum of $158.30, to be added to the said sums secured by mortgage, by reason of the following facts," and here the facts are set out, which are in substance that the land had been sold for taxes against the mortgagor; and the plaintiff mortgagee, to protect the mortgaged property, by compromise, paid the sum of $138.30 to the purchaser of the tax title, as otherwise (as he averred) his security would have been valueless and defeated. This was an allegation of a sum certain, paid for the benefit of the defendant, and the plaintiff evidently rested his claim of indebtedness upon the implied promise to repay. It is not the case of an officious payment, but a payment by a mortgagee to protect the title of the mortgagor. 15 Am. Eng. Enc., 826, 827, and note. But whether the law raised an implied promise of repayment upon that state of facts, it is, indeed, not necessary now to decide, for if it did not raise such implied promise, his Honor, in *Page 221 
rendering judgment that it did, committed an error of law which could only have been corrected by an appeal to this Court. It could not be corrected by the next judge holding that court, for he has no power to pass upon errors in law committed in the judgments rendered by his predecessor. Mayv. Lumber Co., 119 N.C. 96.
If the sum demanded had been for unliquidated damages, or if, on contract, for an open account or other uncertain amount, the judgment should have been by default and inquiry. Battle v. Baird, 118 N.C. 854. But when, as here, the allegation is of a sum certain, expended for the benefit of defendant and therefore upon an implied promise to repay, and the complaint is verified and no answer filed, the judgment is properly by default final. Code, sec. 385 (1). There was nothing for the jury to pass upon. Upon a judgment by default and inquiry (277) the legal liability is fixed by the default, and the inquiry is only to ascertain the amount. Here, if the facts appearing in the sworn complaint, and not denied in any answer, were not sufficient in law to imply a promise to repay, there was an error of law in the court so holding, i. e., it was an erroneous judgment, but there was no irregularity. The allegation in the complaint was of a sum as definite and fixed as if it had been evidenced by a bond or note. If upon the law the plaintiff was entitled to recover at all, upon the facts stated in the verified complaint there could be no question as to the amount, and no inquiry was required to ascertain it.
Affirmed.