COBB v. RHEA.

(Filed December 17, 1904).

1. APPEAL—*Judgments—Motions—Title of Cause.*

> An appeal from the decision rendered on a motion for payment of reference fees in consolidated causes should be entitled by the name of the first action in which the motion was made.

2. REFERENCES—*Fees—Judgments—Costs—The Code, sec. 533—Acts 1889, chap. 37.*

> The amount and the apportionment of the fees of a referee are in the discretion of the trial judge.

3. JUDGMENTS—*Appeal—References—Costs.*

> The apportionment and the amount of the fees of a referee is a final judgment and will be reviewed on appeal in case of abuse, but cannot be changed at a subsequent term.

4. EXECUTORS AND ADMINISTRATORS—*References—Costs—The Code, sec. 1416.*

> The fees of a referee taxed against an administrator are not a preferred debt.

ACTION by T. H. Cobb against H. E. Rhea, heard by *Judge B. F. Long,* at October Term, 1904, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiff the defendant appealed.

*Davidson, Bourne & Parker,* for the plaintiff.
*G. A. Shuford* and *W. J. Peele,* for the defendant.

COBB *v.* RHEA.

CLARK, C. J.   There were three actions pending in the name of *H. E. Rhea, admx., v. R. R. Rawls et al.*   These were consolidated into one action.   There were three other actions, *Buchanan v. Rhea, admx.; Asheville Tobacco Warehouse Company v. H. E. Rhea, admx., et al.,* and *Summey v. Rhea, admx., et al.*   The plaintiff, Cobb, having been allowed fees as referee and as arbitrator in said several causes years ago, and the settlement of the estate having been unaccountably delayed, made a motion in each of said four actions that the administratrix, Rhea, pay his reference fees as a preferred debt.   The four motions were consolidated, and from the judgment thereon the administratrix appeals.   This not being an action but a motion in the cause, the appeal should regularly have been entitled by the name of the first action in which the motion was made, as is the practice in taxing a prosecutor with costs (*State v. Hamilton,* 106 N. C., 660), or judgment in a cause against a witness or other person for contempt—though the practice has not always been observed in the latter class of cases.

In the case of *Buchanan v. Rhea, admx.,* there was judgment at Fall Term, 1893, that plaintiff recover of the administratrix $3,018.60, with interest, etc., "and the costs of this action, in which costs shall be included the sum of $100 allowed to T. H. Cobb for his services as such herein rendered."   In *Asheville Tobacco Warehouse Co. v. Rhea, admx.,* a similar judgment for recovery of a debt, with interest and costs, was rendered, adding as above a recovery by plaintiff of "the costs of this action, including the sum of one hundred dollars to T. H. Cobb, referee.   In *Summey v. Rhea, admx.,* judgment was rendered at December Term, 1895.   "By consent T. H. Cobb, referee herein, is hereby allowed $300 for his services as such referee and to be paid out of the assets of H. K. Rhea, deceased, and as part of the costs of this action and to be taxed therein."   The three actions pending in the

name of *H. E. Rhea, admx., v. Rawls et al.* having been consolidated at December Term, 1895, the judgment included an allowance of $1,000 to T. H. Cobb as arbitrator, subject to a credit of $300 already paid, "leaving due him $700 in this judgment, and as between H. E. Rhea, administratrix of H. K. Rhea, H. E. Rhea individually and R. A. Rawls, said $700 shall be adjusted in the proportions in said award directed." The award thus made a part of the judgment in paragraph 13 thereof, adjudged the $700 to be paid as follows: "$350 by H. E. Rhea individually; R. A. Rawls $350, to be credited with $150, leaving $200 due to him, and $300 by H. E. Rhea, administratrix of H. K. Rhea, of which $150 has been paid, leaving balance of $150 due by her as administratrix."

Originally under The Code, sec. 533, referees' fees were taxed, like other costs, against the losing party, but by amendment (Acts 1889, chap. 37) the Court was authorized to apportion them, in its discretion. Clark's Code (3 Ed.), p. 714. A practice has grown up, owing to such delays as this, of granting judgment for referee's fee, whether awarded against one party or divided between them, and issuing execution at once. There is nothing to be said against this, and frequently a similar order is rendered for other costs, especially when a continuance is granted upon payment of costs. The question is not of ordering payment but whether such order can be made a preferred debt against an estate.

By above summary it will be seen there are judgments against the administratrix for $100 each as part of plaintiff's recovery of costs in first two cases, *Buchanan v. Rhea, admx.*, and *Asheville Tobacco Co. v. Rhea, admx.*, also in *Summey v. Rhea, admx.*, $300, "to be paid out of assets of H. K. Rhea, deceased, and as part of the costs of this action, and to be taxed therein," and finally in the consolidated cases of *Rhea, admx. v. Rawls*, a "balance of $150 due by her as administratrix," making a total of $650 adjudged against the ad-

ministratrix as cost. The apportionment of referee's fees is a final judgment both as to the amount and the apportionment, and rests in the discretion of the Judge making the allowance, subject to exception and review by appeal in case of abuse. Such order cannot be changed by a subsequent co-ordinate Judge. "There is no appeal from one Superior Court Judge to another." *May v. Lumber Co.,* 119 N. C., 98; *Alexander v. Alexander,* 120 N. C., 474; *Henry v. Hilliard,* 120 N. C., 487; *Scroggs v. Stevenson,* 100 N. C., 358; *Cowles v. Cowles,* 121 N. C., 276.

The only remaining question is whether such judgment for referee's fees is a preferred debt. Referee's fees, by the statute, and also the decisions (*Wall v. Covington,* 76 N. C., 152; *Young v. Connelly,* 112 N. C., 650), are simply "a part of the costs," and of no higher dignity than any other costs nor than the debt to whose recovery they are a mere incident, and as against the administratrix must take the *pro rata* allowed the judgment. It is true the Clerk and other officers may demand their fees in advance as the case progresses, and so may the referee, and if paid by the personal representative they may be allowed by the Clerk as "necessary disbursements and expenses" in managing the estate, but not so as to costs recovered by the opposite party. And when administratrix's costs are not paid in advance, judgments for such costs, including the part of referee's fees adjudged against the estate, which are a part of the costs, have no greater dignity and take no greater *pro rata* than the judgment of which they are a part, or any other judgment. The fact that funds derived from a sale of realty of H. K. Rhea to make assets in another proceeding are in the hands of the Clerk, gives the Court no authority to order the costs in these cases, nor the referee's fees as part of such costs, to be paid out of such fund as a preferred debt. They are not preferred by The Code, sec. 1416, which determines the order of priority of indebtedness

in the settlement of estates, nor by any other statute. The proceeds of sales of realty to make assets, so far as necessary to pay debts, will in due course be paid the administratrix and will be disbursed by her in accordance with law.