Action, to recover damages for the alleged negligent killing of Sandy Champion by defendant's train, after dark.
At the conclusion of the evidence a motion to nonsuit was sustained. From the ruling and judgment of the court the plaintiff appealed.
The facts are stated in the opinion of the Court.
The allegations of the complaint, as well as the theory of the evidence advanced by plaintiff, are that the intestate was run over and killed at a public crossing near the station of Wise, in Warren County, N.C. by a work train, while the intestate was endeavoring to cross the track at the crossing; that the work train was composed of several flat cars, pushed by the engine; that there was no light on the end of the front car or on the engine, and that no signals were given for the crossing.
If these facts are true, as contended, they constitute negligence; and if the intestate was killed by such a train, under such circumstances, without being guilty of contributory negligence himself, the defendant would be liable. Gerringer v. R. R., 146 N.C. 32; Purnell v. R. R., 122 N.C. 832.
The theory and contention of defendant is that, according to the testimony of Sam Baskerville, who testified he was with deceased at the time he was killed, Sandy Champion was killed by an engine pulling a train and not pushing it, and that they both saw and heard the engine coming and attempted to run across the track in front (198) of it, and that Sandy got caught by the engine and killed.
If these facts be true, they constitute such contributory negligence as will bar a recovery. Royster v. R. R., 147 N.C. 347; Cooper v. R. R.,140 N.C. 213; Strickland v. R. R., 150 N.C. 4.
Upon a careful examination of the evidence, we think his Honor should have submitted the issue of negligence and contributory negligence to the jury, with proper instructions.
New trial.
Cited: Mitchell v. R. R., 153 N.C. 117. *Page 194