## JOHN C. DOCKERY v. FAIRBANKS-MORSE COMPANY, Inc.

(Filed 15 November, 1916.)

**1. Courts—Pleadings—Amendments.**

In an action alleging damages by reason of false representations and breach of guarantee in the contract of the sale of an engine, it is within the sound discretion of the trial judge to withdraw a juror and permit an amendment alleging fraud in the transaction, when ample time and opportunity has been given the defendant to answer and procure his evidence, and meet the allegation of fraud.

**2. Same—Subsequent Terms—Orders—Variance—Appeal and Error—Objections and Exceptions.**

When the plaintiff has been allowed by the court to amend his complaint, a judge holding a subsequent term of the court may strike out the amendment if contrary to the former order; but, if otherwise, he may not pass upon the authority of the former judge to allow it, for this has to be done by exception at the time, and on appeal in the Supreme Court.

WALKER, J., did not sit.

APPEAL by plaintiff from *Adams, J.*, at March Term, 1916, of RICH-MOND.

*Lowdermilk & Dockery and John P. Cameron for plaintiff.*
*A. R. McPhail for defendant.*

CLARK, C. J. The complaint alleged damages by reason of false representations and breach of guarantees in a contract for the sale of an engine. The case came on for trial at September Term, 1916. The evidence tending to show fraud in the sale of the engine and in procuring the contract, *Carter, J.*, ordered a mistrial and permitted the plaintiff to file an amended complaint. When the cause came on again for trial at March Term, 1916, before *Adams, J.*, counsel for the defendant moved to strike out the amended complaint for the reason that it set up a new cause of action. The motion was allowed and the plaintiff appealed. The only question presented is as to the authority of the trial judge to permit an amendment alleging fraud in an action for damages for false representations and breach of warranties in the original sale.

The defendant was in court and the amendment alleging the fraud was germane to the original complaint, and it was in the discretion of the trial judge to permit the amended complaint to be filed. If this had been done during the trial, and the nature of the amendment was such that the defendant would have been taken by surprise, not being prepared to meet the charge of fraud, then it would have been error not to

withdraw a juror and grant the defendant a continuance; but this was done. The defendant had six months in which to prepare to meet the charge of fraud before the case was again called for trial.

The Code favors liberal allowance of amendments in order that cases may be tried on their merits. There could have been no advantage in dismissing the plaintiff's action and requiring him to bring a new action setting up what is now alleged in the amended complaint. The court in its sound discretion could allow the amendment, which was simply an additional ground to that alleged in the original complaint. *Joyner v. Earley,* 139 N. C., 49; *Worth v. Trust Co.,* 151 N. C., 196; *Pritchard v. R. R.,* 166 N. C., 535; 31 Cyc., 409, 410, 411.

If the amendment was not in the terms authorized by *Judge Carter,* either exceeding the authority then granted or being of a different nature, then it was competent for *Judge Adams* to have stricken it out, because not in compliance with the permission to amend. But if it was stricken out because *Judge Carter* had no authority to permit an amendment of this nature, which seems to be the point presented, then it was simply the case of an alleged error in *Judge Carter's* order which could have been remedied only by an exception and appeal to this Court, for the second judge could not correct an erroneous order, or an order resting in the discretion of the preceding judge who had coördinate and equal power with himself. *Roulhac v. Brown,* 87 N. C., 4; *Wilson v. Lineberger,* 82 N. C., 413; *S. v. Evans,* 74 N. C., 325. "No appeal lies from one Superior Court judge to another." *May. v. Lumber Co.,* 119 N. C., 98; *Alexander v. Alexander,* 120 N. C., 474; *Henry v. Hilliard, ib.,* 487; *Cowles v. Cowles,* 121 N. C., 276; *Cobb v. Rhea,* 137 N. C., 298.

Reversed.

WALKER, J., not sitting.