J. C. BROADHURST, L. L. WALKER, L. H. PETERSON AND OTHERS, ON BEHALF OF THEMSELVES AND OTHERS WHO MAY COME IN AND MAKE THEMSELVES PARTIES PLAINTIFFS, v. BOARD OF COMMISSIONERS OF PENDER COUNTY DRAINAGE DISTRICT No. 4, A. V. WILLS & SONS, A CORPORATION, AND EMMET S. WILLS.

(Filed 4 April, 1928.)

1. **Drainage Districts—Authority of Court to Appoint Receivers—Quasi-Municipal Corporations.**

A drainage district organized pursuant to chapter 442, Public Laws 1909, prior to the amendment of chapter 7, Public Laws 1921, is not a political subdivision of the governmental powers of the State of the same dignity as a county, or city, and where one of these districts has not conformed to the law in its formation, and is therefore void, the courts of the State have in proper instances the authority to preserve the property thereof and protect the rights of those in interest by the appointment of a receiver to the final hearing, without the aid of statute.

2. **Drainage Districts—Creation and Existence—Vested Rights—Statutes.**

The proceedings in forming a drainage district under the provisions of chapter 442, Public Laws 1909, is judicial and not administrative, and the

amendment of chapter 7, Public Laws 1921, making all districts thereto-
fore or thereafter created a political subdivision of the State cannot affect
vested rights of landowners acquired under orders, judgments, or decrees
made in pursuance of the powers conferred by the original act.

**3. Appeal and Error—Requisites and Proceedings for Appeal—Motions—Exceptions.**

The question of whether the lower court was in error in issuing orders
for the appointment of a receiver for a statutory drainage district arises
on appeal to the Supreme Court upon exceptions duly taken, and objec-
tions to the regularity thereof as not being entered in the course and
practice of the court must be by motion in the cause.

**4. Courts—Superior Courts—Power of Trial Judge to Hear Final Order of Another.**

Where an order of the judge of the Superior Court is finally determina-
tive of the rights of the parties, it may not be considered by another
Superior Court judge upon motion to set it aside, such power existing
only as to interlocutory orders.

APPEAL by plaintiffs from an order of *Devin, J.,* dated 12 December,
1927. From PENDER. Reversed.

This is an action begun in the Superior Court of Pender County by
summons dated 13 December, 1923, for judgment (1) that the names
of plaintiffs be stricken from the assessment rolls of Pender County
Drainage District No. 4; (2) that certain bonds issued by the board of
commissioners of said district and delivered to defendant, A. V. Wills
& Sons, contractors, be declared null and void, and that said bonds be
delivered up and canceled; (3) that the defendant, board of commis-
sioners of said district be enjoined from making any levies or assess-
ments upon the lands of plaintiffs, situate within the boundaries of
said district; and (4) that the orders, decrees and judgments of the
court, establishing said district be declared null and void.

On 20 May, 1927, pursuant to the prayer of an amended complaint
filed by plaintiffs on 19 May, 1927, an order was entered in this action,
enjoining and restraining defendant, board of commissioners of said
district from exercising any of the functions of drainage commissioners,
and appointing a temporary receiver, to take over and hold all the
property held in the name of Pender County Drainage District No. 4.
The defendants were therein ordered to show cause, if any they had,
before his Honor, W. M. Bond, at Wilmington, N. C., on 9 June, 1927,
why the receivership should not be made permanent, and why the in-
junction should not be continued to the final hearing. This order was
duly served on defendants.

Thereafter, on 9 June, 1927, at Wilmington, N. C., pursuant to the
foregoing order, the following order was signed by Judge Bond:

"This cause coming on to be heard before the undersigned judge holding the courts of the Eighth Judicial District, and being heard upon a rule to show cause why a permanent receiver should not be appointed for the Pender County Drainage District No. 4;

"It is ordered, considered and adjudged that L. J. Poisson be, and he is hereby, appointed permanent receiver of the Pender County Drainage District No. 4, and directed to collect any funds, moneys, property and assets of the said district and hold the same until the further orders of this court. The receiver is directed to defend all suits. All claims against the district shall be filed, duly verified, with the receiver, within ninety days from this date, and upon failure to file said claims they will be barred from participating in assets.

"The receiver will give notice of this order by mail to all known claimants, and will publish a notice of this order in a newspaper once a week for six weeks. The receiver will give bond in the sum of $1,000 with surety to be approved by the clerk."

Thereafter, on 12 December, 1927, at Wilmington, N. C., the following order signed by Judge Devin was entered in this action:

"This cause coming on to be heard upon motion to vacate the receivership and the restraining order heretofore issued in this cause, notice of which was made returnable at July Term, 1927, of Superior Court of New Hanover County, at Wilmington, N. C., and thereafter continued from time to time by consent of the parties, until December Term, 1927, of New Hanover Superior Court, and now coming on for hearing on this 12 December, 1927, at Wilmington, N. C., and being heard by consent, and after argument of counsel, C. D. Weeks and A. G. Ricaud, attorneys for defendants, A. V. Wills & Sons, and Thomas J. Canovan, trustee in bankruptcy of said A. V. Wills & Sons, for said motion, and I. C. Wright, attorney for the plaintiffs in the above entitled action, the court after hearing said argument, and considering the same and affidavits offered both in support of and against said motion, finds the following facts:

"1. That Pender County Drainage District No. 4 was adjudged and declared to be created and established by the orders and decrees of J. F. Johnson, clerk Superior Court, Pender County, North Carolina, made and entered in the proceedings for the establishment of said district on 19 May, 1917, and on 3 January, 1920, and contained in the records of said proceeding for the establishment of said district, and in the drainage record of Pender County, copies of which are attached to the affidavit of A. G. Ricaud, duly filed as evidence in this motion, and that, thereafter, said district proceeded to elect a board of drainage commissioners, and began to prosecute the drainage work and issue and sell bonds for the prosecution of said drainage work and to provide funds

for the cost of same, and the payment thereof, one or more of said drainage bonds being owned by the moving defendants.

"2. That on or about 23 December, 1923, the plaintiffs in the above entitled action, brought said action in the Superior Court of Pender County, N. C., for the purpose of having said drainage district declared illegally organized, and to have same declared null and void, and the bonds issued by said district also declared invalid, null and void, upon the grounds particularly set forth in the complaint in said action; that the said action was thereafter referred to Hon. Cyrus M. Faircloth, referee, by the Superior Court of Pender County, for hearing and determining, and that the same is still pending before said referee, and remains undetermined and undisposed of, and is still pending in the Superior Court of Pender County, before said referee.

"3. That while said action was still pending and undecided and undisposed of both by said court and said referee, the plaintiffs appeared before Hon. R. A. Nunn, judge of the Superior Court of North Carolina, at Wilson, N. C., on 20 May, 1927, and applied for and obtained, *ex parte,* an order appointing Hon. L. J. Poisson, temporary receiver of said drainage district, which said appointment was made permanent by his Honor, W. M. Bond, at Wilmington, N. C., on 9 June, 1927, both of which orders were duly filed in the records of the above entitled cause and appear in the record in this motion. No exception was noted to the order of Judge Bond, and no appeal was taken therefrom.

"4. That drainage districts are political subdivisions of the State, and *quasi*-municipal corporations with all the rights, powers, duties and obligations conferred upon them by the statutes of North Carolina in relation thereto.

"Thereupon, the court orders and adjudges as follows: That while the court has power to appoint receivers, and other ministerial agents of the court, to take over and hold property in *custodia legis* during the pending of the litigation, and for insolvent private corporations, and to carry out and effectuate decrees of the court after judgment, that the orders of the Superior Court heretofore entered in this cause purporting to create a receivership to wind up the affairs of, or dissolve the said drainage district, and constituting the appointee the sole person capable of instituting and defending suits in courts, and taking over the powers and duties of the drainage commissioners before and until the said drainage district is declared invalid or illegally constituted by a court of competent jurisdiction, is irregular and void, and,

"It is ordered and adjudged by the court that the orders heretofore entered by Judge Nunn and Judge Bond be and the same are hereby vacated and set aside.

"It is, further ordered that L. J. Poisson, Esq., the said receiver, file in the Superior Court of Pender County, in said above entitled action, a report of his acts as such receiver, and of all property received or disposed of by him as such receiver, and upon such report and accounting therefor that his bond as receiver be discharged.

"It is further ordered and adjudged that the restraining order against the defendants, N. H. Lockhart, J. T. Wills and A. Lee Bowen, constituting the board of drainage commissioners of Pender County Drainage District No. 4 be and the same is hereby dissolved."

Plaintiffs excepted to the foregoing order, and appealed therefrom to the Supreme Court.

*C. E. McCullen and Isaac C. Wright for plaintiffs.*
*A. G. Ricaud and Eubanks, Whitmire & Weeks for defendants, A. V. Wills & Son, and T. J. Canovan, trustee in bankruptcy of said defendants.*

CONNOR, J. The Pender County Drainage District No. 4, was established prior to the enactment of chapter 7, Public Laws 1921. The provision of said statute "that the districts heretofore or hereafter created under the law shall be and constitute political subdivisions of the State" does not determine the nature of said district, at least for all purposes.

In *O'Neal v. Mann,* 193 N. C., 153, we said: "Whatever may have been the purpose of the General Assembly in enacting this statute, and thereby amending chapter 442, Public Laws 1909, it cannot be held to have affected the nature or character of a district established prior to its enactment." The proceeding authorized by statute by which a drainage district may be organized and established is a judicial and not an administrative proceeding. The General Assembly is, therefore, without power, by the enactment of subsequent statutes, to affect vested rights of landowners acquired under orders, decrees or judgments made in such proceeding.

It is further said in *O'Neal v. Mann, supra,* that this Court has uniformly held in decisions sustaining the constitutionality of chapter 442, Public Laws 1909, as amended by subsequent statutes, that a drainage district, established by a proceeding in accordance with the provisions of said statute is not a municipal corporation, falling under the classification which includes counties, cities or towns, school districts, or road districts; but that such district is a *quasi*-public corporation, created for private benefit. The primary purpose of such districts is the drainage of lands included therein for agricultural purposes; this is not a public purpose to be accomplished by a governmental agency. The decisions of this Court in support of this statement are cited in the

opinion in that case, in which it is held that a drainage district, upon its organization under chapter 442, Public Laws 1909, was not a public or municipal corporation, functioning as a governmental agency, within a political subdivision of the State.

The contention of appellees in the instant case that the appointment of a receiver for the Pender County Drainage District No. 4 is void, for that the court was without power to make such appointment, cannot be sustained. Whether or not the Superior Court of this State has the power, by judgment or decree to dissolve a drainage district organized under the laws of this State, without special legislative authority, is not determinative of the question presented by this appeal. The relief sought in this action is, in part, that the bonds issued by the commissioners of the district, be declared null and void, and that they be delivered up and canceled for that reason. It cannot be held that the court was without power to appoint a receiver and to authorize and empower such receiver to take possession of and to hold such bonds, and all assets of the district, until the further orders of the court. Whether or not the orders appointing the receiver in this case were erroneous is not presented by this appeal. If they are erroneous relief could have been had only by appeal to this Court, upon assignments of error based on exceptions duly taken. If they are irregular, they could have been attacked only by motion in the cause. The record fails to disclose any irregularity in the orders, in that they were entered contrary to the course of practice of the Court.

The order made by Judge Devin, on the motion of appellees, that the orders signed by Judge Nunn, and Judge Bond, respectively, be vacated, on the ground that they are void, must be reversed. The authorities cited by appellees in their brief, filed in this Court, to the effect that a court is without power, in the absence of special legislative authority, to appoint a receiver for a municipal corporation, such as a county, city or town, are not applicable in the instant case. A drainage district, organized under the statutes of this State is not a municipal corporation of the nature and character of a county, city or town.

The motion made before and heard by Judge Devin was in effect an appeal from the orders of Judge Nunn and Judge Bond. It is well settled by numerous decisions of this Court that no appeal lies from an order of one judge of the Superior Court to another. It has been held that this principle does not apply where the order is merely interlocutory, and not determinative of the rights of the parties. *Bland v. Faulkner,* 194 N. C., 427. When, however, the order is final, with respect to the matter involved, as in this case, the principle must be given full force, for otherwise we could not have an orderly administration of the law by the courts. *Dockery v. Fairbanks-Morse Co.,* 172 N. C., 529;

*Cobb v. Rhea,* 137 N. C., 295; *Cowles v. Cowles,* 121 N. C., 276; *Henry v. Hilliard,* 120 N. C., 487; *Alexander v. Alexander,* 120 N. C., 474; *May v. Lumber Co.,* 119 N. C., 98.

The sole question presented by this appeal is whether the order of Judge Devin was erroneous, as contended by appellants, for that he was without power to vacate the orders entered in the cause by Judge Nunn and Judge Bond. This question must be answered in accordance with the contention of appellants. The order is, therefore,

Reversed.