ADAMS and CLARKSON, JJ., concurring in result.
At the July-August Special Criminal Term, 1931, Buncombe Superior Court, the defendants in the above entitled cause were tried upon indictments charging them with conspiracy and violations of the banking laws, which resulted in convictions and sentences. From these, the defendants appealed to the Supreme Court. The judgments were affirmed in an opinion filed 15 June, 1932. S. v. Lea, ante, 13.
Immediately thereafter, and before the opinion was certified down, a summary motion was made to review the record and to reconsider the opinion, which was denied 29 June. S. v. Lea, ante, 35. It was suggested in this motion that, if granted another trial, the defendants could refute the State's case, but, in reply, it was said that a defendant, who *Page 318 
speculates on the chances of a verdict by remaining silent at the trial and offers no evidence, will not, simply for this reason, be permitted to change his mind after losing, and thus seek to retrieve his supposed error by opportunity of another hearing.
An ex parte application was then made to Hon. P. A. McElroy, resident judge of the Nineteenth Judicial District, on 5 July, 1932, to stay the execution of the judgments pending the hearing of a motion to be lodged at the next succeeding term of Buncombe Superior Court for a new trial on the grounds of alleged errors committed on the hearing, newly discovered evidence, and jury bias or prejudice. Upon the allegations of the petition, and apparently without notice to the solicitor, stay of execution was granted in accordance with the defendants' request.
Briefly, the grounds upon which the motion for a new trial was lodged at the July Term, 1932, are as follows:
First. That at least four of the jurors were biased and prejudiced against the defendants by reason of which they were denied their constitutional right to a fair and impartial trial.
Second. That the officer in charge of the jury was hostile to the defendants, especially the defendant Davis, which militated against them on the trial.
Third. That the jurors were allowed to receive visitors, read newspapers, and converse with outsiders, both in Asheville and while on a trip to their homes in Haywood County, to the prejudice of the defendants.
Fourth. That a fair and impartial jury could not be selected from Haywood County on account of the local prejudice in said county against the defendants.
Fifth. That newly discovered evidence has come to the defendants, which, if they had known and offered at the trial, would probably have changed the result.
In support of the alleged newly discovered evidence the defendants, offered the affidavits of E. P. Charlet, W. C. Walkup, W. S. Coursey and Rogers Caldwell, which said affidavits, however, only purported to be in explanation or contradiction of the State's evidence.
An answer to the motion was filed by the solicitor in which it is specifically averred:
First. That the allegations of bias and prejudice on the part of jurors are untrue and denied.
On the other hand, it is alleged, on information and belief, that one Howard Dye, agent of the defendant, Luke Lea, during and after the trial, was and has continuously been active in Haywood County trying to secure affidavits from the jurors and others attacking the verdict. It *Page 319 
is further alleged, on information and belief coming to the solicitor since the trial, that, during the trial, an effort was made to bribe one of the jurors on behalf of the defendants; and that money has since been offered to some of the jurors by agents of the defendant, Luke Lea, to induce them to impeach their verdict.
Second. That the alleged hostility of the officer in charge of the jury is untrue and denied.
Third. That the allegation of misconduct on the part of the jury is untrue and denied.
Fourth. That the allegation of local prejudice against the defendants in Haywood County is untrue and denied.
Fifth. That the so-called newly discovered evidence, which at most is only contradictory of the evidence offered by the State on the hearing, purports to come (1) from E. P. Charlet, one of the defendants, who sat for many weeks throughout the trial, and is associated with the defendant, Luke Lea, in Tennessee, (2) from Rogers Caldwell, also of Tennessee and closely associated with the said Lea, (3) from W. C. Walkup of Nashville, Tennessee, available at all times during the trial and who actually did converse with the defendant Davis about his defense, and (4) from W. S. Coursey, a witness for the State, subject to cross-examination and who was cross-examined by the defendants on the trial.
It is further alleged that, greatly to the surprise of the prosecution, the witness W. S. Coursey, who proposes to oblige the defendants by changing his testimony, or adding thereto, has, since the trial of the cause, moved to the State of Tennessee and is now in the employ of the defendant, Luke Lea.
Hon. John H. Clement, who presided at the July Term, 1932, Buncombe Superior Court, found the facts against the defendants, and, in his discretion, overruled their motion for a new trial, from which they gave notice of appeal.
A few simple observations will make clear the right of the State to docket and dismiss the attempted appeal in this case.
1. In the first place, it should be remembered that the object of a trial is to ascertain the truth and to do justly. Both parties are privileged *Page 320 
to present their evidence at the hearing. This is their opportunity to make the truth appear, and, if not seized, it may be lost. Every litigant is entitled, as a matter of right, to one trial, but not necessarily to two.Pico v. Cohn, 91 Cal. 129, 13 L.R.A., 336.
However, to make sure that no man shall be deprived of his life, liberty or property but by the law of the land, and to safeguard against fallibility, not every case has been limited to a single day in court, nor every party to one "bite at the cherry." It is better to be right than to worship blindly at the shrine of form. "There always has been and always will be," to quote a distinguished member of the bar, "an irreconcilable conflict between him who wants to get there right and him who wants to get there quick." The rightites and the quickites will never agree. The golden mean or the medium aureum of Virgil, where the rights of litigants may be preserved without becoming entangled in the net of form, is the quest of the courts.
2. We have held that, as a dernier ressort, in certain cases, upon proper showing, application for new trial on the ground of newly discovered evidence may be made in the Superior Court at the next succeeding term following affirmance of judgment on appeal. S. v. Casey, 201 N.C. 620,161 S.E. 81; Allen v. Gooding, 174 N.C. 271, 93 S.E. 740. See, also, concurring opinion in S. v. Jackson, 199 N.C. 321, 154 S.E. 402.
There is nothing new about this procedure. It was invoked in Black'scase (1892), 111 N.C. 303, 16 S.E. 412, a civil action, and in Starnes'case (1887), 97 N.C. 423, 2 S.E. 447, a criminal prosecution, forty and forty-five years ago respectively. A striking illustration of its wisdom may be seen in S. v. Shipman, post, 325. The authority is not questioned in civil actions, and the courts are empowered by C. S., 4644 to "grant new trials in criminal cases when the defendant is found guilty, under the same rules and regulations as in civil cases."
It has been thought that, while relentless in their efforts to right the wrongs of others, a fortiori the courts should be slow to abnegate their functions, or to declare the power of the judiciary exhausted, when called upon to right an alleged wrong inflicted by the machinery of the law itself in the administration of justice. It may not be amiss to observe, however, that "such applications are regarded with suspicion and examined with caution, the applicant being required to rebut the presumption that the verdict is correct and that he has not exercised due diligence in preparing for trial." 14 A. E. Enc. Pl. and Pr., 790; Turner v. Davis, 132 N.C. 187,43 S.E. 637.
Indeed, it was said in Carson v. Dellinger, 90 N.C. 226, speaking of the former practice when a new trial, as here sought, could be had only *Page 321 
by intervention of a court of equity, such relief "was afforded with reluctance and in a narrow range of cases, as in case of fraud (Powell v.Watson, 41 N.C. 94), or where the new evidence is such as in effect to destroy the adversary proof (Houston v. Smith, ibid., 264), or where a false witness, known to be such by the party for whom he testifies, without means of contradiction at the trial, and the witness has been prosecuted for perjury or has escaped beyond the process of law. Dyche v. Patton,43 N.C. 295, and S. c., 56 N.C. 332."
3. We have not held that such application may be made as a matter of course, or for purposes of delay. Carson v. Dellinger, supra. It is not to challenge the regularity of the procedure on the original hearing or to question the correctness of the judgment. S. v. Shipman, supra. It is addressed to the discretion of the court, and there remitted for final determination. S. v. Moore, 202 N.C. 841; S. v. Griffin, 202 N.C. 517,163 S.E. 457; S. v. Morris, 109 N.C. 820, 13 S.E. 877.
4. We have not held that such application may be made, either in a civil action or a criminal prosecution, where no new evidence has been discovered, or due diligence has not been exercised in preparing for trial.S. v. Casey, supra; S. v. Lea, ante, 35.
5. We have not held that application for new trial may be made at such term by motion in the cause for alleged jury defect, bias or prejudice, or for any matter occurring during the trial. S. v. Davis, post, 327; S. v.Casey, supra; S. v. Levy, 187 N.C. 581, 122 S.E. 386; S. v. Upton,170 N.C. 769, 87 S.E. 328; S. v. Drakeford, 162 N.C. 667; S. v. Lipscomb,134 N.C. 689; Murdock v. R. R., 159 N.C. 131, 74 S.E. 887; S. v.Tart, 199 N.C. 699, 155 S.E. 609; S. v. Lambert, 93 N.C. 618; Carsonv. Dellinger, supra.
6. We have not held that application for new trial may be made at such term by motion in the cause for alleged jury attaint or misconduct. McCoyv. Justice, 199 N.C. 602, 155 S.E. 452; S. c., 196 N.C. 553,146 S.E. 214; S. v. Perry, 121 N.C. 533, 27 S.E. 997; S. v. Tilghman, 33 N.C. 513. Nor has it been thought that a defendant in whose behalf such attaint was sought or effected would ipso facto be entitled to another hearing. The suggestion is sui generis.
7. We have not held that application for new trial may be made at such term by motion in the cause for errors committed on the hearing. The court would be without authority or jurisdiction to entertain the application on any such ground. S. v. Davis, post, 327. No appeal lies from one Superior Court to another, or from this Court to the Superior Court. Wellons v.Lassiter, 200 N.C. 474, 157 S.E. 434; Power Co. v. Peacock, 197 N.C. 735,150 S.E. 510; Broadhurst v. Drainage *Page 322 Commissioners, 195 N.C. 439, 142 S.E. 477; Phillips v. Ray, 190 N.C. 152,129 S.E. 177; Dockery v. Fairbanks, 172 N.C. 529, 90 S.E. 501;May v. Lumber Co., 119 N.C. 96, 25 S.E. 721; Henry v. Hilliard,120 N.C. 479, 27 S.E. 130; Roulhac v. Brown, 87 N.C. 1; S. v. Evans,74 N.C. 324.
8. We have not held that a judge of the Superior Court at chambers may grant stay of execution pro forma in criminal cases pending the hearing of such application. S. v. Davis, post 327; S. v. Casey, supra.
9. We have held that such application is a motion after trial, and may be resorted to only to prevent a probable or manifest injustice and wrong.Alexander v. Cedar Works, 177 N.C. 536, 98 S.E. 780.
10. We have held that such application may be entertained only after careful scrutiny, and then cautiously, under somewhat stringent rules, to prevent the endless mischief which a different course would undoubtedly produce. S. v. Casey, supra; Chrisco v. Yow, 153 N.C. 434, 69 S.E. 422;S. v. Turner, 143 N.C. 641, 57 S.E. 158.
11. We have held that on the hearing of such application both counsel and litigants are presumed to have been properly advised in preparing for trial, and this presumption is not to be lightly overthrown or rebutted. S.v. Lea, ante, 35; Johnson v. R. R., 163 N.C. 431, 79 S.E. 690. If it should appear that the newly discovered evidence, "by ordinary diligence, could have been discovered and used at the hearing, or was in possession of the counsel or agent of the party," the application will be denied.Matthews v. Joyce, 85 N.C. 258.
12. We have held that no appeal lies to this Court from the discretionary determination of such application. S. v. Moore, 202 N.C. 841;S. v. Griffin, 202 N.C. 517, 163 S.E. 457; S. v. Cox, 202 N.C. 378,162 S.E. 907; S. v. Lambert, 93 N.C. 618; Carson v. Dellinger,supra; Holmes v. Godwin, 69 N.C. 467.
Speaking generally to the subject as far back as Vest v. Cooper (1873),68 N.C. 131, Reade, J., delivering the opinion of the Court, said: "There seems to be an impression that there may be an appeal from every motion for a new trial; and the fact is overlooked that it must `involve a matter of law or legal inference,' and not a mere matter of discretion. This will illustrate: Plaintiff recovers of defendant $1,000. Defendant files affidavit that since the trial he has discovered that he can prove the debt has been paid. His Honor says: `I believe your affidavit, and I grant a new trial,' or `I do not believe it, and I refuse a new trial.' This is a matter of discretion and no appeal lies."
13. We have also held that an attempted appeal from a discretionary ruling, which is final and not subject to appellate review, may be disregarded *Page 323 
in the Superior Court. Goodman v. Goodman, 201 N.C. 794, 161 S.E. 688;Goodman v. Goodman, 201 N.C. 808, 161 S.E. 686; Likas v. Lackey,186 N.C. 398, 119 S.E. 763.
Applying the principles gleaned from the foregoing epitome of what has been, and what has not been, held in connection with an application of this kind, to the one brought under review by the State's motion, it appears on the face of the record that the attempted appeal is without merit, and the motion to docket and dismiss is well advised. Rule 17.
Needless to say the court was without authority to hear the defendants in their assault upon the validity of the trial. (Par. 7, supra.)
"Newly discovered evidence," in the sense this phrase is used in connection with an application such as the present one, means something more than a mere appellation or characterization. S. v. Casey, supra; S. v.Lea, ante, 35. It is not alleged that the State's witness, W. S. Coursey, committed perjury, as was the case in Peagram v. King, 9 N.C. 605, and the evidence alleged to have been lately discovered by the defendants falls far short of the necessary requirements. It is agreed by all the writers on the subject that a new trial for newly discovered evidence should be granted "with the utmost caution and only in a clear case," lest the courts should thereby encourage negligence or minister to the litigious passions of men. The defendants in the instant case are persons of education and intelligence. They are represented by eminent counsel. The presumption of proper advice and due preparation for trial has not been rebutted. Indeed, if the defendants were as diligent before trial as they have been since, nothing was overlooked.
The suggestion that a new trial should be granted the defendants because it appears an effort to bribe the jury in their behalf failed of its purpose has at least the merit of novelty, and is without precedent in this jurisdiction. It is likewise unavailing on a motion of this kind. S. v.Davis, post, 327. It is unthinkable that the State should want to bribe the jury against itself, and it is a non sequitur that a new trial must be ordered unless the defendant is shown to be connected with the offer of the bribe made in his behalf. Such a holding might put it in the power of allies, friendly to the defendant, to upset every trial. Perhaps the burden would be on the defendant to exculpate himself from any participation or implication, it having been undertaken in his behalf, but, however this may be, the defendants are in no position to complain at the action of the court in this respect, or any other, and they have been deprived of no rights to which they were entitled, by the State's motion to docket and dismiss the attempted appeal.
Motion allowed. *Page 324