RUTHERFORD COLLEGE, INCORPORATED, v. T. D. PAYNE.

(Filed 8 April, 1936.)

1. **Courts A f—Matter determined by order of one Superior Court judge may not be presented for decision to another Superior Court judge.**

   The findings of fact and order of the clerk refusing a motion to remove the cause to another county, on the ground of the residence of the parties, were approved and affirmed on appeal by the judge of the Superior Court at term. Upon trial of the cause at a subsequent term, movant excepted to the refusal of the trial court to remove the cause. *Held:* Movant's

RUTHERFORD COLLEGE v. PAYNE.

rights were determined by the confirmation of the clerk's order, and his exception to the trial court's refusal to order the cause removed cannot be sustained, since no appeal will lie from a determinative order of one judge of the Superior Court to another.

2. **Bills and Notes H b—Where evidence is conflicting on defense relied on by maker, nonsuit is properly denied.**

Defendant admitted executing the note sued on, which was introduced in evidence by plaintiff, but defendant alleged certain matters in defense. The evidence was conflicting upon the defense relied on by defendant. *Held:* Defendant's motion to nonsuit was properly denied, the burden being upon defendant to prove the defense, and plaintiff's evidence being sufficient to take the case to the jury.

3. **Bills and Notes H c—Answer held to allege defense to recovery on note, and evidence thereon should have been submitted to jury.**

The note in suit stipulated that the consideration therefor was to provide, with other contributors, an endowment fund for the denominational educational institution named as payee. In an action on the note, defendant maker admitted its execution, but alleged and offered evidence to the effect that the institution named as payee was insolvent and was in process of liquidation, and that its assets had been assigned to another educational institution controlled by the same religious organization, and that the purpose of establishing an endowment fund for the institution named as payee could not be accomplished. *Held:* Although there was sufficient consideration for the note at the time of its execution, the matters alleged, if existing at the time of institution of action, constituted a defense, and the conflicting evidence upon the defense should have been submitted to the jury.

APPEAL by defendant from *Warlick, J.,* at January Term, 1936, of CATAWBA. New trial.

This is an action to recover on a note which is in words and figures as follows:

> "RUTHERFORD COLLEGE, N. C.,
> October 26, 1927.

"$300.00.

"Five years after date, for value received, I promise to pay to the order of Rutherford College (Incorporated) the sum of three hundred dollars, with interest from date at the rate of 6 per cent, payable annually.

"The consideration of the foregoing obligation is together with other subscribers and contributors mutually to provide, create, and establish an endowment fund for the said Rutherford College, an institution dedicated to Christian Education, said fund and endowment to be held by the said Rutherford College and used in the cause of Christian Education; and it is provided that in the event of my death before the maturity of this bond and obligation, that the total sum herein pledged, both principal and interest, shall become at once due and payable.

> T. D. PAYNE    (Seal)."

It is alleged in the complaint and admitted in the answer that the interest accrued on said note from its date to 26 October, 1932, has been paid by the defendant.

In his answer the defendant admits the execution of the note sued on. He does not allege that he has paid the said note, or any part of its principal.

In defense of plaintiff's recovery on the note described in the complaint, the defendant alleges in his answer, among other things:

"(c) That on account of the mismanagement of Rutherford College by its trustees, it became insolvent, and has been unable to run as an institution of learning; and that the defendant is informed and believes, and so alleges, that the trustees of Rutherford College and others connected with its operation, including G. F. Ivey, who now claims to be treasurer of Rutherford College, used the assets of said institution, including money that had been contributed to its endowment fund, for the purpose of paying debts which they themselves created, and for which they are personally responsible.

"(d) That on account of the mismanagement of Rutherford College by its trustees and those in charge of it, the institution has been utterly discontinued as an institution of learning, and the corporation is now in process of liquidation and dissolution. .

"(e) That on account of the mismanagement of Rutherford College, as hereinbefore alleged, the very purpose for which this defendant promised to contribute has been destroyed, and it is not now and never can be again an institution of learning, and there is not now and never can be again any endowment fund created for the said Rutherford College.

"(f) That the purpose of the plaintiff in this action instituted by G. F. Ivey, who claims to be treasurer of Rutherford College, is to attempt to collect money on the note or obligation which this defendant executed for the purpose hereinbefore alleged, and to use such proceeds as may be collected on said note for the payment of debts and obligations of said institution which were made and contracted without any authority from this defendant, but on which indebtedness, as this defendant is informed and believes, and so alleges, the said G. F. Ivey and others are liable as endorsers or otherwise, and not for the purpose of creating an endowment fund for Rutherford College.

"(g) That this defendant is informed and believes, and so alleges, that the said G. F. Ivey, claiming to be treasurer of Rutherford College, has no authority nor direction given by any one to institute suit against the defendant for any cause whatsoever, and particularly has been given no power or authority to represent Rutherford College in bringing this action against this defendant.

RUTHERFORD COLLEGE *v.* PAYNE.

"(h) That the defendant is informed and believes that by action of the Western North Carolina Conference of the Methodist Episcopal Church, South, which Conference was the owner and operator of Rutherford College, while it was in existence, had previously to the filing of this action by the plaintiff transferred and assigned all of the assets of Rutherford College to Brevard College, Incorporated; and that Brevard College, Incorporated, is an educational institution, owned and operated by the Western North Carolina Conference of the Methodist Episcopal Church, South, and that the plaintiff has no right to bring an action against this defendant, nor against any other person, for or on behalf of Rutherford College, Incorporated, inasmuch as Rutherford College, Incorporated, does not now own any assets or choses in action, and therefore cannot become a proper party to any suit on any obligations which have been assigned by the Western North Carolina Conference of the Methodist Episcopal Church, South, to Brevard College, Incorporated."

At the trial, after offering in evidence the note described in the complaint, together with the defendant's admission in his answer that he executed the note as alleged in the complaint, the plaintiff rested.

The evidence offered by the defendant tended to support the allegations in his answer to the effect that Rutherford College has been discontinued as an institution under the control of the Western North Carolina Conference of the Methodist Episcopal Church, South, dedicated to the cause of Christian education, and that the plaintiff corporation is now in process of liquidation because of its insolvency, for the purpose of its ultimate dissolution.

As a witness in his own behalf, the defendant testified as follows:

"I am a member of the Methodist Church. I signed the note described in the complaint. At the time I signed the note, it was my understanding that Rutherford College was owned and operated by the Western North Carolina Conference of the Methodist Episcopal Church, South, as a Methodist school. After I signed the note, I paid the interest a number of times—until 26 October, 1932. Rutherford College is not operated now as a Methodist School, as it was when I signed the note. I signed the note for the purpose of making a contribution to the endowment fund of Rutherford College. I was raised in Hickory, N. C. Although I did not attend Rutherford College, as a student, I felt very kindly to the college. When I was solicited to make a contribution to its endowment fund, it was a Methodist School, dedicated to the cause of Christian education. When I learned that the college had been discontinued as a Methodist school, I stopped paying interest on the note, and have since refused to pay the principal. Rutherford College is no longer a Methodist school, and cannot now use an endowment fund to promote the cause of Christian education under the control of the Methodist church."

The only issue submitted to the jury was as follows:

"What amount, if any, is the plaintiff entitled to recover of the defendant?"

The court instructed the jury as follows:

"If you find the facts to be as the evidence tends to show, and by its greater weight, you will answer the issue, $349.50, with interest at 6 per cent from 26 July, 1935. I am giving you this as a peremptory instruction; you may simply signify your answer to the issue by holding up your right hands."

The defendant excepted to the instruction of the court to the jury. The jury answered the issue in accordance with the instruction.

From judgment that plaintiff recover of the defendant the sum of $349.50, with interest on said sum from 26 July, 1935, and the costs of the action, the defendant appealed to the Supreme Court, assigning errors in the trial.

*Thos. P. Pruitt for plaintiff.*
*Jake F. Newell for defendant.*

CONNOR, J. Defendant's assignments of error based on his exceptions to the refusal of the trial judge to order the removal of this action from Catawba County, where it was begun, to Mecklenburg County, where the defendant resides, and also to his refusal to allow defendant's motion, at the close of all the evidence, for judgment as of nonsuit, manifestly cannot be sustained.

The motion for the removal of the action on the ground that the principal office of the plaintiff corporation is not in Catawba County was first made before the clerk of the Superior Court of Catawba County. The clerk's findings of fact, and his order denying the motion, on defendant's appeal, were approved and affirmed by the judge of the Superior Court at November Term, 1935. This was conclusive of defendant's right to a removal of the action for trial on the facts alleged by him. See *Broadhurst v. Drainage Comrs.,* 195 N. C., 439, 142 S. E., 477. In that case it is said: "It is well settled by numerous decisions of this Court that no appeal lies from an order of one judge of the Superior Court to another. It has been held that this principle does not apply where the order is merely interlocutory, and not determinative of the rights of the parties. *Bland v. Faulkner,* 194 N. C., 427, 139 S. E., 835. When, however, the order is final with respect to the matter involved, as in this case, the principle must be given full force, for otherwise we could not have an orderly administration of the law by the courts. *Dockery v. Fairbanks-Morse Co.,* 172 N. C., 529, 90 S. E., 501; *Cobb v. Rhea,* 137 N. C., 295, 49 S. E., 161; *Cowles v. Cowles,* 121

N. C., 276, 28 S. E., 476; *Henry v. Hilliard,* 120 N. C., 479, 27 S. E., 130; *Alexander v. Alexander,* 120 N. C., 472, 27 S. E., 171; *May v. Lumber Co.,* 119 N. C., 96, 25 S. E., 721."

The admission by the defendant in his answer that he executed the note described in the complaint, was offered in evidence by the plaintiff. This was sufficient to take the case to the jury. The burden was on the defendant to sustain by evidence the defense on which he relies in this action. The defendant offered evidence which tended to support the allegations of his answer. This evidence, however, was contradicted by evidence offered by the plaintiff. For this reason, there was no error in the refusal of the court to allow defendant's motion, at the close of all the evidence, for judgment as of nonsuit.

There was error, however, in the peremptory instruction of the court to the jury. This instruction can be upheld only upon the contention that the facts alleged in the answer and shown by evidence offered by the defendant at the trial are not sufficient to constitute a defense to plaintiff's recovery in this action. This contention cannot be sustained.

There was sufficient consideration for the note sued on in this action when it was signed and delivered by the defendant to the plaintiff. See *James v. Dry Cleaning Co.,* 208 N. C., 412, 181 S. E., 341; *Rousseau v. Call,* 169 N. C., 173, 85 S. E., 414; *University v. Borden,* 132 N. C., 476, 44 S. E., 47.

The jury should have been instructed by the court that if they found from the evidence, the burden being upon the defendant, that at the commencement of this action the plaintiff was insolvent, and was in process of liquidation for the purpose of its ultimate dissolution, that Rutherford College had been discontinued as a school owned and operated by the Western North Carolina Conference of the Methodist Episcopal Church, South, for the promotion of Christian education, and that the plaintiff, by reason of its insolvency and of the discontinuance of Rutherford College as a school owned and operated by the Western North Carolina Conference of the Methodist Episcopal Church, South, for the promotion of Christian education, is now unable to hold and use an endowment fund for the promotion of Christian education, they should answer the issue, "Nothing."

For the error in the instruction of the court to the jury, the defendant is entitled to a new trial. It is so ordered.

New trial.